JOHN D. KNIGHT, EXECUTOR OF THE LAST WILL AND TESTAMENT OF HELENA V. W. KNIGHT, DECEASED, V. AMOS H. DENMAN ET AL.*

FILED APRIL 9, 1903. No. 11,503.

1. **Pleading:** ALLEGATION: DENIAL. The denial of an allegation that "Helena V. W. Knight, on and prior to the 25th day of April, 1898, was the owner in fee simple and entitled to the possession of" certain premises, in *ipsis verbis*, accompanied by a plea that prior to October 25, 1898, defendant had acquired title to the premises by adverse possession, and accompanied by a denial that the plaintiff, who was claiming as executor of Helena V. W. Knight, had title or right of possession, and accompanied by specific denials of plaintiff's alleged executorship, of the death of Helena V. W. Knight, and of plaintiff's right in the premises, does not deny the antecedent title of Helena V. W. Knight.

2. **Former Holding Reaffirmed.** Former conclusion adhered to, both as to the negative pregnant in defendant's denial of Helena V. W. Knight's title, and as to error in the instructions by which the issue of defendant's adverse possession was submitted to the jury.

ERROR to the district court for Butler county: EDWARD BATES, DISTRICT JUDGE. *Judgment of reversal adhered to.*

*Edmund C. Strode, Jesse B. Strode* and *Matt Miller*, for plaintiff in error.

*George P. Sheesley, Edwin E. Good* and *Charles H. Slama, contra.*

HASTINGS, C.

This is a rehearing of the case which appears in 64 Neb. 814. It was held that the judgment of the lower court should be reversed, because the question of the adverse possession by the defendant of the land in controversy for the time requisite to bar plaintiff's action was not properly submitted at the trial. The judgment was sought to be supported by the claim that the evidence of the plain-

* Rehearing of case reported in 64 Neb. 814.

tiff had wholly failed to establish the title of plaintiff's testatrix, and that, therefore, the verdict was right whatever error might have been committed in submitting the question of adverse possession to the jury. The conclusion was reached that the answer of Denman raised no issue as to the original title of plaintiff's testatrix, and that, therefore, the failure to offer sufficient evidence to maintain it was no bar to a recovery on his part. This contention at the former hearing is now strenuously asserted, and less earnestly the other contention, also, that the question of adverse possession was properly submitted by the instructions given.

The petition, as stated in the former opinion, alleged that on and prior to April 25, 1898, Helena V. W. Knight was the owner and entitled to the immediate possession of the land; that plaintiff was her executor, and that by the terms of her will the title passed to him, and he had duly qualified, and that defendants kept him out of possession. Plaintiff proved at the trial no title in his testatrix. He merely tendered a deed to her made by one McLeod. The question is whether the answer tendered by the defendant Denman, in whose favor the judgment runs which is sought to be reversed, required the production of such proof. That answer was filed, under leave of court, as an amendment, and first denies "that Helena V. W. Knight on and prior to the 25th of April, 1898, was the owner in fee simple and entitled to the possession" of the premises in controversy; the answer denies her death; denies that she left a will making the plaintiff her executor; denies that plaintiff was her husband, or qualified as executor; denies that he is executor; denies that he is entitled to the possession of said premises, and denies that the defendant unlawfully keeps him out of such possession. The next paragraph of the answer alleges that defendant is the owner, and for more than ten years prior to the 15th day of October, 1898, he was the owner of said premises, and that during more than ten years immediately preceding the said 15th day of October, 1898, he has been

continuously in the actual, exclusive, open, notorious, hostile and adverse possession of said premises.   He denies that plaintiff is entitled to any interest or has any interest in said premises or is entitled to possession thereof.   In the next paragraph he denies that he was ever wrongfully in the possession of said premises, and denies that plaintiff is entitled to any rents or profits thereof, and denies that he is indebted to the plaintiff in the sum of $640 *per annum* or in any sum whatever.

The first question raised is whether or not this answer denies the original title of the plaintiff's testatrix.   This court at the former hearing concluded that it did not.   A somewhat careful consideration of the case leads us to the same conclusion, namely, that the answer, taken as a whole, merely alleges, when fairly construed, a title by adverse possession, with a special denial that the title had passed to plaintiff.   It fails to deny in such terms as to raise an issue, the allegation that prior to the 15th day of April, 1898, Helena V. W. Knight was the owner.   It alleges that for more than ten years prior to October 25, 1898, defendant had been continually in the adverse possession of the land.   It denies in *ipsis verbis* that on and prior to April 25, 1898, Helena V. W. Knight was the owner and in possession.   This can not be treated as a denial that she was the owner prior to the acquirement of defendant's alleged right by adverse possession.   The denial in its literal terms would be true, if only she was not the owner on the 25th day of April, or if, being the owner on that day, she was not owner prior to that time; when construed in connection with the allegation of adverse possession more than ten years prior to October 25, 1898, the denial should be given no broader effect than that specific plea.   The answer might every word of it be literally true, and the original title of the testatrix have been perfect up to April 25.

The fact that the defendant Denman tendered no proof of title in himself, except by adverse possession, should be allowed no weight in considering the mere terms of his

answer; but where the evidence only puts in issue the question of possession on the part of the defendant, it would seem that justice requires that the pleadings should not be allowed to constructively present in this court an issue of title. The title of plaintiff's testatrix not being put in issue by a direct denial, it should not be held to be put in issue simply by mere inference, through the assertions by defendant of title in himself. Such assertions should be referred to his claim of adverse possession. Defendant's allegations of title in himself, accompanied by his allegation and attempted proof of adverse possession, should be construed to have reference only to the case made by him. If he wished, under such circumstances, to put the plaintiff upon proof of the testatrix's original title, he should have made his denial explicit enough to cover in terms plaintiff's allegations of title in the testatrix. We think that the denial in the first paragraph, which is the only one in the answer as to Helena V. W. Knight's ownership, is a negative pregnant, entirely reconcilable with the proposition that Helena V. W. Knight did have title prior to the accruing of the defendant's right by adverse possession. It merely denied that both on and prior to April 25, 1898, she had a title. No inferential denial of that title by reason of a mere assertion of defendant's would amount to a demand of proof. The subsequent denials in the answer as to the right, title and possession of the plaintiff did not operate to put in issue Helena V. W. Knight's original title, because they are accompanied by special denials of the devolution of that title upon the plaintiff. It follows that there is nothing in this answer which puts in issue the original ownership of the testatrix prior to the accruing of defendant's alleged title by adverse possession. There is no call in this case to apply the rule that pleadings are to be liberally construed to accord with the theory on which evidence has been introduced. The evidence of the defendant puts nothing in issue as against Helena V. W. Knight's title. No injustice, therefore, can be done in this case by re-

quiring him to put her title in issue by express terms. .
There are numerous cases where a negative pregnant, hav-
ing been treated as a good denial at the trial, is so treated
on appeal.   Here, however, the party who won on the issue
presented by the evidence is seeking to justify alleged
errors in the manner of submitting that issue by saying
that it does not make any difference whether or not that
issue was rightly tried; that the one as to the original title
was made by the pleadings but was not met by the evi-
dence, and the verdict was right on that ground.   When
such technical use is sought to be made of a pleading, it
should itself conform to technical requirements.

This brings us to the consideration of the second ques-
tion raised, namely, were the instructions given at the
trial misleading as to the necessity of continuous adverse
possession?   We see no reason to alter the conclusion in
that respect reached at the other hearing.   The court by
its sixth instruction, given at defendant's request, told the
jury, in substance, that if the cause of action accrued to
the plaintiff more than ten years before the institution of
this action, then it was barred.   As a matter of fact there
might have been an action ten years previously for the pos-
session of these identical premises against the same de-
fendant; that cause of action might have been interrupted
in various ways; the defendant might have removed from
these premises, and simply stayed away from them.   While
he was away the cause of action would have been inter-
rupted.   He might have entered into an agreement with
the plaintiff's testatrix to pay rent and while such prom-
ise lasted of course his possession would not be adverse.
The cause of action would be at once restored in the first
supposed case when he returned to the premises; in the
second, when he repudiated his agreement and refused to
continue the payment of rent.   This sixth instruction seems
to leave the whole element of continuity in the adverse
possession entirely out of the statute of limitations, and
make the sole test the mere question of whether a cause
of action for these same premises had accrued against this

defendant ten years before the institution of the present action.

Each party in this case appeals to the conduct at the trial and what took place as establishing his own construction of the pleading. The question of title in the plaintiff is submitted by the court in the fourth instruction given on the court's own motion, but the construction contended for by the plaintiff called for such a submission of that question. While there is no denial of Helena V. W. Knight's title, there is a denial in express terms that it ever developed upon the plaintiff, and a denial of plaintiff's right of possession.

Counsel say that the plaintiff in this case could not be permitted to claim the advantage of the opening and closing which would be theirs only if their case was denied, and at the same time claim that their case was not denied. There is no force in this contention. So long as the devolution of this title from the testatrix to the plaintiff was denied, the right to open and close manifestly belonged to the plaintiff, and there can be no force in the claim that the submission of the question of plaintiff's title and right of possession to the jury shows that Helena V. W. Knight's title was treated as denied. We are constrained to think that if the action of the trial court and of the parties at the trial is to be taken as interpreting this pleading, it certainly must be taken to have interpreted them to the effect that Helena V. W. Knight's original ownership was undenied, but that its devolution was and that defendant was claiming by adverse possession.

Nor do we think that any force can be given to the fact that the first answer filed by the defendant in this case was a general denial. After filing such answer he seems to have been alarmed at the possibility of not being permitted to introduce, under such a plea, his evidence of adverse possession, and he thereupon resorted to the allegations in the answer which we have recited. The making of such an answer is manifestly an abandonment of the first one, and the court and the parties were evidently justi-

fied in holding that the trial was conducted upon the amended answer, which was the only one mentioned in the instructions or appealed to in the trial.

The proposition that the motion for a new trial and the petition in error do not raise the objection which is now made, namely, that Mrs. Knight's original title was not put in issue, seems to us also to have little force. It was not necessary that it should be so raised. The question is not now raised except by the defendant in error, who brings it forward as a reason why errors committed in the course of submitting to the jury the issue of adverse possession should now be disregarded. When the plea is raised that these errors could have no force because the verdict is right and no evidence of title was introduced, it is time enough, then, for the plaintiff in error to reply that that title was not disputed by the answer.

It is recommended that the former conclusion be adhered to.

KIRKPATRICK and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former conclusion is adhered to.

FORMER DECISION ADHERED TO.