JOHN D. KNIGHT, EXECUTOR, V. AMOS H. DENMAN ET AL.*

FILED MAY 21, 1902. No. 11,503.

Commissioner's opinion, Department No. 2.

1. Pleading: DENIAL IPSORUM VERBORUM: TENDERS NO ISSUE. A denial of the very words of the allegations of the petition, without denying their substance and effect, tenders no issue.

2. Negative Pregnant. An answer denying that plaintiff's testatrix on a date named "was the owner in fee simple and entitled to possession" of the land in controversy, and denying that she died "on or about" said date, being consistent with ownership after said date and before she died, and also with ownership before and at said date, subject to a right of possession in some-one else, does not put the plaintiff upon proof of title.

3. Instruction: LIMITATION: ADVERSE POSSESSION. An instruction which states that, if the owner of lands does not bring an action against one who wrongfully withholds possession within ten years after his cause of action accrues, he loses his right to bring or maintain such action, without adding that defendant's possession must be continuous, open, notorious, exclusive and adverse during the full period of ten years, is misleading and erroneous.

4. Misleading Instruction: NOT CURED BY CONFLICTING INSTRUCTION. The error in giving an incorrect or misleading instruction is not cured by giving other instructions which state the law correctly, where the several instructions are inconsistent or conflicting, or where, taken as a whole, they may convey an erroneous impression.

5. Occupant: ADVERSE POSSESSION. An occupant who claims by ad-verse possession, must show that he occupied adversely during the entire period of ten years.

6. ———: ———: COLOR OF TITLE: CLAIM OF RIGHT: INTENTION TO TRESPASS: EVIDENCE. Where such occupant entered originally without color of title or claim of right, and the acts relied on to show entry and occupation were consistent with a mere

---

*Rehearing allowed. Judgment of reversal adhered to.

intention to trespass from time to time until interfered with by the true owner, his testimony that he intended to take possession and hold and occupy as owner, uncorroborated by acts necessarily indicating such intention, is not sufficient to require a finding in his favor.

ERROR from the district court for Butler county. Tried below before BATES, J. *Reversed.*

*Edmund C. Strode (Matt Miller* and *Jesse B. Strode,* of counsel), for plaintiff in error.

*George P. Sheesly, Charles H. Slama* and *Edward E. Good, contra.*

POUND, C.

John D. Knight, as executor of Helena V. W. Knight, brought this action against Denman and another to recover possession of a tract of 320 acres in Butler county. He alleges that on and prior to the 25th day of April, 1898, said Helena V. W. Knight was the owner and entitled to the immediate possession of said land; that she died on or about said 25th day of April, 1898, leaving a last will and testament, in which plaintiff is named as executor; that he was duly appointed executor, pursuant thereto, by the county court, qualified and entered upon his office, and is entitled to the possession of said premises. He further alleges that the defendants unlawfully keep him out of possession. The defendant Denman, in his answer, denies the several allegations of the petition *seriatim* in their very words, and adds a plea of adverse possession and the statute of limitations. Issue having been joined by reply, a trial was had, resulting in a verdict and judgment for the defendant. The plaintiff brings the cause here on error.

Plaintiff did not prove title at the trial, and the first question to be met is whether such proof was necessary under the pleadings. Where there is a general denial, or the allegations of title in the plaintiff are otherwise denied, it is well settled that plaintiff must establish a

title from the common source, if the parties claim from a common source, and from the ultimate source, if they do not. As the rule is commonly stated, he must recover upon the strength of his own title, not upon the weakness of that of his adversary. But the rule has no application where plaintiff's paper title is not put in issue and the defendant relies solely upon adverse possession to establish an independent title in himself. Such, we think, is clearly the case here. The answer tenders no issue whatever as to the title asserted in the petition. A denial of the very words of the allegations of the petition, without denying their substance and effect, can not be given any force. *Harden v. Atchison & N. R. Co.*, 4 Nebr., 521; *Kuhland v. Sedgwick*, 17 Cal., 123; 1 Ency. Pl. & Pr., 798. The answer in the case at bar is particularly obnoxious to this objection. It denies that Helena V. W. Knight "on and prior to the 25th day of April, 1898, was the owner in fee simple and entitled to the possession of" the land in controversy, and denies that she died "on or about" said date. This is entirely consistent with ownership after April 25, 1898, and before she died, and also with ownership before and at said date, and at her death, subject to a right of possession in someone else as tenant or licensee. Plaintiff was not put on proof of title by such denials.

We think one of the instructions of the court which is excepted to so palpably wrong that it is not necessary to consider any of the other errors assigned. In this instruction the court stated that if the owner of lands does not bring an action against one who wrongfully withholds possession within ten years after his cause of action accrues he loses his right to bring or maintain such action. This proposition is made very emphatic by an explanation which is added, to the effect that the right of action is lost unless action is brought within ten years from the time the owner had a right to bring it, provided the defendant invokes the protection of the statute. It is obvious that, without adding that defendant's possession must be continuous, open, notorious, exclusive and adverse

during the full period of ten years, the proposition stated in the instruction is misleading and erroneous. The error was not cured by giving other instructions which state the law as to adverse possession correctly. Other instructions may supply details or amplify and explain. But where an instruction, as in this case, covers the whole field explicitly, and purports to tell all that is required to bar the plaintiff's action, the further instructions are simply in conflict with it and can only produce confusion and misunderstanding. *Missouri P. R. Co. v. Fox,* 56 Nebr., 746; *Williams v. McConaughey,* 58 Nebr., 656; *Knapp v. Chicago, K. & N. R. Co.,* 57 Nebr., 195; *Jensen v. Halstead,* 61 Nebr., 249. Moreover, in the case at bar the instructions, as a whole, convey an erroneous impression. There is nothing about them to indicate that the instructions as to adverse possession supplement or have any reference to the proposition stated in the instruction under review. A person unacquainted with the law might well understand that there is a distinction between actions to maintain the title and those for recovery of possession only; that while adverse possession, as defined in some of the instructions, would confer a perfect title, thus of necessity cutting plaintiff off, plaintiff's right to maintain an action to recover possession might be cut off by mere failure to sue in ten years after an entry by defendant, as explained in the other instruction, whether the requirements as to continued and exclusive adverse possession had been met or not. As the plaintiff introduced evidence which, if believed, tended to show a recognition of his title before the ten years had elapsed, the prejudicial character of such instructions is manifest.

But counsel argue that the verdict rendered was the only one that could be rendered under the evidence, and hence that the judgment must be affirmed without regard to errors occurring at the trial. *Jeffres v. Cashman,* 42 Nebr., 594; *Everett v. Hobleman,* 15 Nebr., 376. The action was brought in October, 1898, and defendant claims to have entered upon the land and taken adverse pos-

56

session thereof in the spring of 1888. In consequence, the nature and character of his acts in 1888 and the intention with which they were done, is all-important in determining the issue as to adverse possession. An occupant who claims by adverse possession must show that he occupied adversely and as owner during the entire period of ten years. *Hull v. Chicago, B. & Q. R. Co.,* 21 Nebr., 371, 386; *Chicago, B. & Q. R. Co. v. Schalkopf,* 54 Nebr., 448, 450; *Lewon v. Heath,* 53 Nebr., 707; *Hoffine v. Ewings,* 60 Nebr., 729. While the intention to claim the land need not exist at the time of the entry, the statute will not begin to run until the possession is adverse, and the acts and intention of the occupant are those of an owner. *Cervena v. Thurston,* 59 Nebr., 343, 345. In the case at bar, the land was wild and unoccupied, and was chiefly suitable for grazing. In 1887 it was made use of by herders, in connection with many adjoining tracts of the same character. There seems to have been not a little contest among rival herders for exclusive use of these lands, but all were trespassers, and claimed no right or title beyond what immediate occupation with their herds might confer. In 1888 Denman leased an adjoining tract, and at once began to use the whole section of which the land in dispute is a part, as well as some other adjacent wild lands, for herding his cattle. He had no color of title whatever, and no claim of right. He never paid or attempted to pay any taxes. He abandoned the other tracts without protest when their owners appeared, and during the year 1888, at least, the utmost that he did was to keep cattle on the land during the grazing season, and drive off other trespassers as they had driven him off the year before. He claims, indeed, to have fenced this land in 1888. But the evidence shows merely that he built a fence along the line between the land and another tract which he held under the lease, and joined it to certain fences already existing. The new fence was treated as on the land to which he had some right under his lease, since the road ran beside it on the land in dis-

pute. As he had no color of title, a mere encroachment by a fence would not give him possession of any more than the strip so occupied. Thus it will be seen that during the first year, at least, he did nothing which is not entirely consistent with a mere intention to trespass from time to time till interfered with by the true owner. We are aware that color of title is not necessary to a claim of adverse possession. *Gatling v. Lane,* 17 Nebr., 77, 80, 82; *Murray v. Romine,* 60 Nebr., 94. We concede, also, that the motive with which adverse possession is taken, whether in good faith, under mistake as to boundaries, or a mistaken claim of right, or in bad faith with an intention of depriving the true owner without color of right, makes no difference. *Fitzgerald v. Brewster,* 31 Nebr., 51; *Omaha & Florence Loan & Trust Co. v. Hansen,* 32 Nebr., 449; *Tex v. Pflug,* 24 Nebr., 666; *Levy v. Yerga,* 25 Nebr., 764, 766; *Obernalte v. Edgar,* 28 Nebr., 70. But these rules do not dispense with the requirement that there be adverse possession during the entire period, and that the occupant be in as owner. "Every disseisin is a trespass. But every trespass is not a disseisin. A wrongful intention to oust the real owner must clearly appear in order to raise an act, which may be only a trespass, to the bad eminence of a disseisin." 4 Kent, Commentaries (12th ed.), 535. There must be adverse possession, and, where the acts relied on by the claimant are equally consistent with mere trespasses, it is obvious that adverse possession has not been shown. Where there is color of title or a claim of right, pasturing cattle upon the land in season, when the only use to which the land is well adapted, is undoubtedly sufficient possession. But where there is no claim of right, except as it may be inferred from such occasional use of the land, it is obvious that such use may co-exist with an intention of a different nature from that of asserting ownership. *Murray v. Romine,* 60 Nebr., 94, 97. The court has had occasion to insist upon this element of adverse possession several times. In *Colvin v. Republican Valley Land Ass'n,* 23 Nebr., 75, it is said:

"The possession must not only have been actual, open and continuous, but it must have been accompanied by an intention on his part to hold the land as the owner of it. It must have been under a claim of ownership." The claimant must show by his acts that he entered with the intention of claiming as his own. *Smith v. Hitchcock*, 38 Nebr., 104. "The fact of possession and its character —the occupant claiming to be the owner of the premises, is the test." *Gatling v. Lane*, 17 Nebr., 77, 79. Of course, it is no matter how this intention is made to appear, and ordinarily the nature and character of the occupancy will show it sufficiently. *Lewon v. Heath*, 53 Nebr., 707 But a plain distinction exists between use of wild lands for pasture by one who has color of title, and similar use by one who has no claim of right whatever. The tract in dispute was vacant and unimproved, and was in the constructive possession of Mrs. Knight. Two persons can not be severally in possession of the same tract at the same time. Hence, until Denman did more than trespass, he was not in possession. *Yorgensen v. Yorgensen*, 6 Nebr., 383. Color of title is a strong evidence in such cases that the acts are those of an owner. One enters upon land under color of title, intending to assert such title. He uses it because he believes himself owner and entitled to use it as such. Not so one who has no title or claim of right or title whatsoever. He may entertain a purpose of occupying as owner and appropriating the property or he may merely intend to trespass from time to time so long as the owner makes no objection. This is what Denman plainly did with reference to the other half of the section of which the land in dispute is a part. It is a matter of common knowledge that wild land in many localities was formerly, and in some may be even yet, trespassed over by herders in this way without any objection, and with no idea of hostile possession. Whether Denman was a mere trespasser of this sort, or an adverse occupant, is a question of fact; and the many cases where persons claiming under color of title, and paying taxes

as owners, have maintained possession of grazing lands by pasturing cattle thereon, are in no way decisive. It will be found that, in every case decided in this court in which the lands were unimproved, there was either color of title or else the occupant by paying taxes or by culti-vation or improvement, did some acts of a decisive char-acter which stamped his position as that of an owner. This fact was remarked in *Ballard v. Hansen,* 33 Nebr., 861. When it is said that the motive with which the occu-pant entered is immaterial, this means the motive with which he took adverse possession. It does not mean that the intention which gives character to equivocal acts, making them trespasses or a maintenance of possession as the case may be, is to be disregarded. All that we have by which to determine the character of Denman's acts during the summer of 1888—and that is the crucial period —is his testimony ten years afterward as to his intention. Whether what he then did is consistent with his testimony is a question for a jury. While there may be enough to sustain a verdict in his favor under proper instructions, the evidence is far from sufficient to compel such a con-clusion.

We therefore recommend that the judgment be re-versed and the cause remanded for a new trial.

BARNES, C., concurs, and OLDHAM, C., concurs in the result.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.