ANTON DREDLA, APPELLANT, V. THOMAS PATZ ET AL., APPELLEES.

FILED MARCH 7, 1907. No. 14,709.

1. **Pleading**: ESTOPPEL. The action was ejectment, the plaintiff claiming a legal estate in, and a right to, the possession of the premises. The answer alleged facts constituting adverse possession of the premises for more than ten years prior to the commencement of the action, but contained no express denial of plaintiff's title. The case was tried without objection made in any way to the sufficiency of the answer to put in issue the plaintiff's legal title. *Held*, That, if the facts set out in the answer were not in themselves a sufficient denial of the plaintiff's title, the further fact that the case was tried on its merits, without objection made by the plaintiff, and on the theory that his legal title was put in issue by the pleadings, should now estop him from raising the question.

2. **Adverse Possession**: EVIDENCE. The payment of taxes by the occupant for more than ten years, in connection with the actual use and cultivation of the premises, is a strong circumstance tending to show the adverse holding of such occupant, and sufficient to support a finding by the jury that the party was in possession under a claim of ownership.

3. **Evidence** examined, and *held* sufficient to establish title in the defendant by adverse possession.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Hastings & Ireland,* for appellant.

*Foss & Brown, contra.*

DUFFIE, C.

Dredla, the plaintiff in error, commenced this action in ejectment to recover possession of lots Nos. 11, 12, block 109, in the city of Crete, Nebraska. The defendants filed separate answers, alleging in appropriate terms that Mrs. Patz had acquired the title to said lots by prescription, having been in the open, notorious and exclusive possession thereof for more than ten years prior to the commencement of the action, under a claim of ownership. The jury returned a verdict in favor of the defendants, upon which judgment was entered, and the plaintiff has brought the action to this court on appeal.

The evidence is undisputed that from 1884 up to the spring of 1888 Mrs. Patz pastured her cow upon the lots in question, which during that time were uninclosed and unimproved city lots. In the spring of 1888 the Patz family built a house in the same block in which the lots in question are located, and during the spring Mrs. Patz caused the lots in dispute to be broken up, and from that time down to the commencement of the action she has been in exclusive possession, cultivating the lots as a garden. In June, 1895, she paid the taxes then due upon the lots for 1893 and 1894 by purchase thereof at tax sale, and thereafter she continued to pay the taxes, except for one year, that of 1898, when the taxes were paid by some other party prior to her tender of taxes to the county treasurer. The district court instructed the jury that "the possession asserted by the defendant from 1884 to the spring of 1888 by pasturing her cow upon the premises without inclosure, and without improvement thereon, and without payment of taxes, did not constitute such possession as would entitle her to assert any right in

the premises based on such possession." The principal question therefore is: Was the open, exclusive and notorious possession and cultivation of the lots by Mrs. Patz, together with the payment of taxes, sufficient in law to constitute adverse possession giving her title by prescription? It is urged by the appellant that, as the defendants' answer contained no denial of his title, such title was admitted, and that he was entitled to an instructed verdict. To this we cannot agree. First, the action was tried upon the merits without objection and without any claim made in the trial court that the pleadings did not put in issue the plaintiff's title; and, second, we believe that the statement of facts in the defendant's answer showing adverse possession for more than ten years was in itself a denial of the plaintiff's title. It is further urged against the judgment appealed from that adverse possession can be established only by showing possession taken under color of title or claim of right, and that defendant in error has failed in her evidence in this respect.

In *Omaha & Florence L. & T. Co. v. Barrett*, 31 Neb. 803, it is said: "Color of title is not essential to adverse possession. It is the actual, continuous, open, notorious, exclusive, adverse possession that ripens into an absolute title. Payment of taxes by the occupant for a series of years is a strong circumstance, in connection with others, tending to show the adverse holding and the abandonment of the property by the holder of the title." This case has been followed and approved in numerous subsequent cases, and the rule is now firmly established in this state that neither color of title nor claim of right to the premises of which possession is taken is requisite in order to constitute an adverse possession. In *Knight v. Denman*, 64 Neb. 814, it is said: "Where such occupant enters originally without color of title or claim of right, and the acts relied on to show entry and occupation were consistent with a mere intention to trespass from time to time until interfered with by the true owner, his testi-

mony that he intended to take possession and hold and occupy as owner, uncorroborated by acts necessarily indicating such intention, is not sufficient to require a finding in his favor." With this rule we are in full accord, as shown by our subsequent holding in *Bush v. Griffin*, 76 Neb. 214.

In the instant case there was more than the testimony of the defendant in error that she occupied the lot as owner. From June 12, 1895, she asserted such ownership openly by the payment of taxes as they accrued from year to year, with the exception of the year 1898, when they were paid by another without her knowledge or consent, and prior to the time that she tendered payment to the treasurer. Such payment shown upon the public records of the county is, we believe, such corroboration of her claim of title and ownership as the rule in *Bush v. Griffin* and *Knight v. Denman, supra,* requires. Some claim is made that Mr. Patz, the husband, stated on cross-examination that his wife made no claim of title until after she had been in possession ten years, and further that he entered into negotiations with the appellant to discover the owner of the legal title and to purchase the same. As we understand the statement of Mr. Patz, it is to the effect that his wife did not claim to be possessed of full title to the lots until she had been in possession for ten years, and it is not shown that the wife authorized her husband to negotiate for the purchase of the legal title or that she was aware of his doing so. If unauthorized statements or acts made by the husband in derogation of his wife's title were admissible at all, we do not think the evidence sufficient to overcome the general finding of the jury, under instructions as favorable to plaintiff as the law requires, that for more than ten years prior to the commencement of this action the defendant, Mrs. Patz, held adversely to the plaintiff.

We recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.