ALLNORA ISABELLA JONES, APPELLANT, V. ARTIE A. HUD-
SON ET AL., APPELLEES.

FILED APRIL 17, 1913.   No. 17,118.

1. Appeal: SUBMISSION: SUBSEQUENT STIPULATION.  On appeal, after a
cause has been fully argued and regularly submitted on its
merits, the reviewing court may for good and sufficient reasons
decline to render a decree conforming to a subsequent stipulation
of the parties, where the effect will be to reverse the judgment of
the district court.

2. Attorney and Client: DISCHARGE OF ATTORNEY: ACTS AS AMICUS
CURIÆ.  After an attorney for a party to a pending action has
been discharged by his client, and after the latter has stipulated
with his adversary for a decree disregarding the rights of minors
who are not parties to the suit, the attorney, as a friend of the
court, may properly suggest facts necessary to the protection of
the minors.

3. Infants: PROTECTION OF RIGHTS: EQUITY.  A court of equity, if
cognizant of the necessary facts, should, on its own motion, pro-
tect the rights of minors, when involved in litigation to which
they are not parties.

4. Wills: CONSTRUCTION.  In ascertaining the intention of a testator,
the entire will should be examined.

5. ———: ———: DISPOSITION OF ESTATE.  In construing a will, it
will be presumed that the testator intended to dispose of his
entire estate, unless the contrary is apparent.

APPEAL from the district court for Butler county:
GEORGE F. CORCORAN, JUDGE.   *Affirmed.*

*L. S. Hastings,* for appellant.

*C. M. Skiles* and *F. H. Mizera, contra.*

*R. C. Roper,* guardian *ad litem* for minors.

ROSE, J.

Construction of the will of William T. Hudson of Dade
county, Missouri, was the purpose of this suit.  The will
was dated June 29, 1906.  Testator died June 25, 1907.
At the time of his death he owned lands in Dade county,

39

Missouri, and in Butler county, Nebraska. His will was probated in both counties. The devisees named in his will were his daughter, Allnora Isabella Hudson Jones, plaintiff, his widow Charlotte E. Hudson, his sons Artie A. Hudson and Allen P. Hudson, his granddaughter, Zelphia Golden Hudson, and grandson, Charles Dewey Hudson, defendants. The grandchildren named are minors. Their father was a deceased son of testator. R. C. Roper is their guardian *ad litem.* The will provides:

"I will that, should I die before my wife, Charlotte E. Hudson, that after paying all my just debts, medical attendance of my last illness and funeral expenses, and the expenses of settling up my estate in accordance with the provisions of this will, that the residue of my estate, real, personal and mixed, be disposed of as follows: The personal property to be vested absolutely in my said wife, Charlotte E. Hudson, for her to use and dispose of and the same to be hers absolutely in her own right, hereby vesting title to the same in her. All the real property of which I may die seized to go to my said wife, Charlotte E. Hudson, in trust for her use and benefit, she to have control of and the benefit and profits derived therefrom.

"All the provisions hereinbefore set out are to be in force so long as my said wife, Charlotte E. Hudson, shall live or remain my widow. In case she should marry after my death, then she shall take of my estate, real, personal and mixed, that only which the laws of the state of Missouri provide she shall take as my widow, and no more. Should my wife, Charlotte E. Hudson, die before me, then at my death I will that all my debts be paid, the medical attendance of my last illness, my funeral expenses, including a granite tombstone to the grave of my said wife, Charlotte E. Hudson, and myself, which are not to cost more than seventy-five dollars each; also each of our said graves to be made with a brick and cement vault. Then after the fulfilment of the foregoing provisions and settlements, I will:

"First. That any goods or money or anything of value

that I have heretofore given to any person or persons who are beneficiaries of this will shall not be accounted as an advancement by me to such person or persons, and they are not to be charged therewith as such.

"Second. I will and direct that should any person or persons, their heirs, administrators, lawful guardians, executors or assigns, undertake or attempt to set aside or defeat the provisions of this will, instituting any suit therefor, should they be beneficiaries under this will, then in that event, such persons or person to have five dollars each, and no more, out of my estate either real or personal."

Third. Under the clause, "I will and bequeath to my oldest son, Allen P. Hudson, his heirs or assigns, the following described real estate," testator disposed of several tracts of land. He also bequeathed to the same devisee $5.

Fourth. After the clause, "I will and bequeath to my only daughter, Allnora Isabella Hudson Jones, and her heirs all of the following described real estate," several tracts of land were described. The sum of $1,000 was bequeathed to the same devisee.

Fifth. Under the clause, "I will and bequeath to them jointly their heirs or assigns, the following described real estate," several tracts of land were devised to Zelphia Golden Hudson and Charles Dewey Hudson. They were also willed $10. The widow of testator's deceased son was willed $1.

Sixth. Under the clause, "I will and bequeath the following described land," several tracts were devised to Artie A. Hudson.

The will then proceeds: "And in addition to the above described land I will and bequeath to my said son Artie A. Hudson, five dollars in money. I also will and bequeath to my sons Allen P. Hudson and Artie A. Hudson, their heirs and assigns jointly the following described real estate, to wit: * * * I also will and bequeath to Allen P. Hudson and Allnora Isabella Hudson Jones and Artie A. Hudson and Zelphia Golden Hudson and Charles

Dewey Hudson, or their bodily heirs, the residue of all my property I may die seized of, including real, personal and mixed, share and share alike, except Zelphia Golden Hudson and Charles Dewey Hudson shall be entitled to a share jointly both of which shall make one share. I also will that at my death my said beneficiaries under this will divide equally among themselves all the household and kitchen furniture, any goods, beds, bedding, dishes, books and all things forming a part of the household furnishings and fixtures or belongings, useful and ornamental, except that such articles as may have on them a name or mark which may be put there by me or my said wife, Charlotte E. Hudson; such articles so marked to go to the persons so designated by such mark or name so attached to such article.

"I will that the personal property of which I may die seized that remains undisposed of at the death of my wife Charlotte E. Hudson shall be disposed of as follows: My said children shall divide the household goods among themselves, and all the remainder of the personal property to be sold and the proceeds thereof divided equally among my said children after the payments of the legacies and bequests hereinbefore made. And if there be not sufficient money to pay the legacies and bequests hereinbefore made, then in such event the legacies to be paid pro rata on each dollar so bequeathed.

"Lastly, I appoint G. W. Wilson and my wife Charlotte E. Hudson executors of this my last will and testament, and they not to be required to give bond. In case of the death of either then the survivor to be executor; and in case both of the said executors above mentioned be dead then in that event I appoint B. F. Johnson as executor of this my last will and testament."

A codicil dated June 29, 1906, provides:

"First. I give and bequeath to my oldest son Allen P. Hudson, and his bodily heirs at his death and if he at the time of his death has no bodily heirs I bequeath to him the said Allen P. Hudson his lifetime and at his death

to Artie A. Hudson, the following described land in the county of Butler and in the state of Nebraska, as follows, to wit: * * * This same land above described in this codicil was bequeathed in my last will and testament to Allen P. Hudson in fee simple, but by this codicil I have entailed it as herein in this codicil above set forth.

"Second. I will and bequeath to my only daughter Allnora Isabella Hudson Jones and at her death her bodily heirs the following described real estate to wit: * * * The land above described in this codicil which I have and do hereby bequeath and give to my daughter Allnora Isabella Hudson Jones her lifetime and at her death to her bodily heirs was by me in my last will and testament of June 29, 1906, bequeathed in fee simple to Allnora Isabella Hudson Jones but by the will I have entailed it as herein in this codicil above set forth, and all said land being in Dade county, Missouri.

"Third. To my youngest son Artie A. Hudson I will and bequeath the following described real estate situated in Butler county, Nebraska, to wit: * * * This said land of one hundred acres above described which I bequeathed to Artie A. Hudson, I do hereby bequeath the same to Artie A. Hudson his lifetime and at his death to go to his bodily heirs. This land so bequeathed in this codicil to Artie A. Hudson his lifetime and at his death to go to his bodily heirs I did bequeath by my last will and testament of the date of June 29, 1906, to Artie A. Hudson in fee simple but by this codicil I have entailed it as herein in this codicil above set forth.

"This codicil to not change, alter or affect any other bequests made in my last will and testament of June 29, 1906, made to the beneficiaries named in this codicil, other than the real estate in this codicil described."

Plaintiff and the grandchildren, if correctly understood, took the position that testator gave the real estate to his widow for life, if she remained single; that the other devises of real estate were contingent upon testator surviving his wife, and were for that reason inoperative,

since he died first; that by the law of descent each of testator's children was entitled to one-fourth of the real estate, and the two children of the deceased son to the same share, upon the termination of the widow's life estate. The trial court rejected this construction of the will, and, as modified by the codicil, directed the enforcement of the specific devises of real estate to the three children and to the two minors named. Plaintiff and the minor defendants appeal.

After the cause was regularly argued here on its merits and taken under advisement, but before an opinion had been prepared, plaintiff, the two sons of testator and the two minor defendants, by their guardian *ad litem,* filed a stipulation providing that plaintiff's construction of the will should be adopted, that testator's real estate should be distributed accordingly, and that the decree of the district court should be reversed. This course will not be adopted for the following reasons: After a cause has been fully argued and regularly submitted on its merits, the reviewing court may for good and sufficient reasons decline to render a decree conforming to a stipulation of the parties, where the effect will be to reverse a judgment of the district court. The stipulation was made without the consent of appellees' counsel, who, as a friend of the court, asserts that the devisee, Artie A. Hudson, has minor children for whom no guardian *ad litem* has been appointed. They are not parties to the suit. If the trial court properly construed the will, they will be entitled to a portion of testator's realty in fee upon the termination of the life estate of their grandmother and of their father. This remainder would not be protected by a decree conforming to the stipulation. A court of equity, if cognizant of the facts, should, on its own motion, protect the rights of minors, when involved in litigation to which they are not parties. The stipulation, therefore, will be disregarded in the determination of the appeal.

Is the construction of the trial court erroneous? Though the will is unreasonably long, somewhat ambigu-

ous, and in a few minor respects inconsistent, the construction for which plaintiff contends, when applied to the real estate, seems to diregard the familiar principles that the entire will should be examined to ascertain the intention of the testator, and that it will be presumed the testator intended to dispose of his entire estate, unless the contrary is apparent. When the entire will is considered, the clause, "should my wife, Charlotte E. Hudson, die before me," qualifies the provisions to which it is directly attached, and does not extend to the devises which follow it. This is not only the fair import of the context, but it is the construction adopted by testator himself in his codicil, where he recognizes his former devises in fee, without the contingency upon which plaintiff relies. If testator intended to give his widow a life estate, and if, upon the termination thereof, the fee should descend to his heirs under the intestate laws, the will as a whole does not indicate it. This is the view taken by the trial court, and the decree below is

AFFIRMED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.