MELVIN T. HUTSON AND LOU HUTSON v. THE RUSH CREEK LAND AND LIVESTOCK COMPANY, A CORPORATION, ET AL., APPELLEES, AND JOHN H. CHAIN, APPELLANT.

294 N. W. 2d 374

Filed July 8, 1980. No. 42956.

Wright & Simmons and Roy Hahn of Atkins, Ferguson, Hahn, Zimmerman & Carney, for appellant.

C. Kenneth Spady and J. A. Lane of McGinley, Lane, Mueller, Shanahan & McQuillan, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was an action to quiet title to a tract of land along the north bank of the North Platte River in Morrill County, Nebraska. The plaintiffs, Melvin T. Hutson and Lou Hutson, are the owners of the land in Sections 7 and 8, Township 18 North, Range 47 West of the 6th P.M. which lies along the south bank of the North Platte River. The defendant Rush Creek Land and Livestock Company is the record owner of the land in Sections 5 and 6 which is along the north bank of the river and directly opposite the plaintiffs' land. The appellant John H. Chain is a contract purchaser of the plaintiffs' land.

Some time in the 1930's, Rush Creek erected a fence along the north bank of the river for the purpose of keeping cattle on its land from straying into the river. The fence did not run in a straight line but was built through timber and brush generally along the north bank of the river. After the fence was constructed, Rush Creek did not use the land south of the fence for pasturage but continued to use the land for hunting purposes and executed written hunting leases annually to hunters who used the land for hunting and occasionally for fishing and trapping.

The plaintiff Melvin Hutson and his predecessor in title and their tenants used the land south of the fence for pasturage during the summer season. The area was inclosed by a fence on the plaintiffs' land

south of the river and fences across the river that connected with the Rush Creek fence on the north side of the river. Cattle grazing on the plaintiffs' land were allowed to enter the river and graze on the islands and the land on the north bank south of the fence. The plaintiffs also claimed to have made some use of the disputed land for hunting. This use was the basis for the plaintiffs' claim that they had acquired title to the land south of the fence from Rush Creek by adverse possession.

The plaintiffs prayed that title to the land south of the fence be quieted in them. By cross-petition, Rush Creek prayed that the land north of the thread of the river be quieted in it.

The trial court found that the plaintiffs' possession of the disputed land had not been exclusive and quieted title to the land north of the thread of the river in Rush Creek. Chain has appealed.

The burden is on one who claims title by adverse possession to prove by a preponderance of the evidence that he has been in actual, continuous, exclusive, notorious, and adverse possession under a claim of ownership for the statutory period. *Rasmussen Farms v. Gove*, 201 Neb. 432, 267 N.W.2d 764 (1978).

In order to create title by adverse possession, the possession must be exclusive for the statutory period. In *Ohm v. Clear Creek Drainage District*, 153 Neb. 428, 45 N.W.2d 117 (1950), we said:

It is virtually undenied by any authority, and is asserted by a great majority of cases, that an essential element of adverse possession is that it shall be exclusive. In Hanlon v. Union P. Ry. Co., 40 Neb. 52, 58 N.W. 590, this is affirmed: "In order to create title by adverse possession, the possession, in addition to other elements, must be exclusive for the period of limitations." In Smith v. Hitchcock, 38 Neb. 104, 56 N.W. 791, this

court said: "To constitute an adverse possession of land, such as, if it continued for ten years, would establish title in the occupant, it is necessary that he should actually hold the land as his own during that period, in opposition to the constructive possession of the legal proprietor." See, also, Hoffine v. Ewings, 60 Neb. 729, 84 N. W. 93; Knight v. Denman, 64 Neb. 814, 90 N. W. 863; Annotation, 15 L. R. A. N. S. 1196; 2 C. J. S., Adverse Possession, § 47, p. 566; 1 Am. Jur., Adverse Possession, § 141, p. 875.

*Id*. at 436-37, 45 N.W.2d at 122.

*Oliver v. Thomas*, 173 Neb. 36, 112 N.W.2d 525 (1961), involved a similar factual situation. Oliver owned land along the south bank of the North Platte River in Morrill County, Nebraska. Thomas owned land along the north bank of the river and a fence had been constructed along the north bank. Oliver had pastured his cattle on the land south of the fence and claimed the land by adverse possession. Both parties had used the disputed land for hunting. Since Oliver had not had exclusive possession of the land for hunting purposes, his possession was not sufficient to obtain title to the disputed land by adverse possession. We said:

In Burket v. Krimlofski, 167 Neb. 45, 91 N. W. 2d 57, it was said: "The claim of title to land by adverse possession must be proved by actual, open, exclusive, and continuous possession under a claim of ownership for the statutory period of 10 years. The possession is sufficient if the land is used continuously for the purpose to which it may be in its nature adapted."

An inescapable corollary to this rule is that title may not be granted or quieted on the theory of adverse possession in the absence of proof of exclusive possession for a

purpose to which the land is adapted for the statutory period of 10 years.

In the light of these rules, while on the record it may well be said that the plaintiff did establish actual, open, exclusive, and continuous possession for use over the area as pasturage for much more than 10 years, he did not however establish exclusive possession against the other purpose for which it was adapted, that is hunting.

*Id.* at 42-43, 112 N.W.2d at 529.

We think the rule stated in *Oliver v. Thomas, supra*, is controlling here. The evidence shows that the plaintiffs did not have exclusive possession of the disputed land for hunting, a purpose to which it was adapted. Their claim of adverse possession, therefore, was not established.

The judgment of the District Court is affirmed.

AFFIRMED.