ELIZABETH M. HARDT ET AL., APPELLEES AND
CROSS-APPELLANTS, V. ERNEST ESKAM ET AL., APPELLANTS AND
CROSS-APPELLEES.

352 N.W.2d 583

Filed July 27, 1984.    No. 83-012.

Holtorf, Kovarik, Nuttleman, Ellison, Mathis & Javoronok, P.C., for appellants.

Brenner and Meister Law Office, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Elizabeth and Donald Hardt filed suit to quiet title to river land. Hardts also sought damages for trespass by Eskams on the disputed tract. Eskams answered and counterclaimed for quiet title to the disputed tract. The district court found in favor of the Hardts. Eskams appeal and Hardts cross-appeal. We reverse and remand for dismissal.

As background, the parties by their pleadings have referred to the disputed tract as "Blackacre," and for brevity we shall adopt that usage rather than the lengthy legal description for the disputed tract. Also, although the trial court decided adversely to Eskams on their counterclaim, Eskams have not appealed that judgment. As assigned error, Eskams contend only

that the district court was incorrect in finding for Hardts on the issue of adverse possession.

An action to quiet title is an equitable action, and it is the duty of this court to try the issues of fact de novo on the record and to reach an independent conclusion without reference to the findings of the district court. *Pettis v. Lozier*, 217 Neb. 191, 349 N.W.2d 372 (1984); *Weiss v. Meyer*, 208 Neb. 429, 303 N.W.2d 765 (1981).

Blackacre, the disputed tract, contains 14.99 acres of alluvion in the North Platte River within Scotts Bluff County. Blackacre is suitable for hunting, fishing, and livestock pasture the year around. Hardt personally hunted on the tract from 1940 until the early 1970s and eventually leased hunting rights on the tract to hunters, who built duckblinds on Blackacre. Hardt, as a youngster, had herded his family's sheep on Blackacre. However, Hardt made no use of Blackacre for livestock purposes from 1949 until 1965, when Hardt's cattle grazed on the tract.

Hardt did not recall the specific years his cattle grazed Blackacre, and he admitted that grazing was intermittent until 1978. Hardt testified he tried to conserve grass on Blackacre for use as winter pasture and last had calving operations on the tract in 1976. Hardt also acknowledged there were years when he did not have livestock on the tract. Hardt had no records regarding the presence or absence of his cattle in the use of the disputed tract.

The burden is on one who claims title by adverse possession to prove by a preponderance of the evidence that he has been in actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for the statutory period, namely, 10 years. See, *Hutson v. The Rush Creek Land and Livestock Co.*, 206 Neb. 658, 294 N.W.2d 374 (1980); *Weiss v. Meyer, supra*. Title to real estate by adverse possession cannot be acquired without the simultaneous and continuous existence of each element of adverse possession for a period of 10 years. Continuous means "uninterrupted . . . stretching on without break or interruption." Webster's Third New International Dictionary, Unabridged 493-94 (1968). The law does not require the possession shall be evidenced by persons remaining continu-

ously upon the land and constantly from day to day performing acts of ownership thereon. It is sufficient if the land is used continuously for the purposes to which it may be naturally adapted. See *Weiss v. Meyer, supra;* accord *Walker v. Bell,* 154 Neb. 221, 47 N.W.2d 504 (1951). Hardt's alleged possession of Blackacre through his livestock operations does not fulfill the requirement of continuous use for the statutory period of 10 years.

Turning to hunting on Blackacre as a factor in determining whether Hardts' adverse possession exists, the evidence shows that the primary hunting activity related to waterfowl, especially duck hunting, although there was some hunting of upland birds and deer on the tract. Hunting being seasonal, the recreational use of Blackacre was, at best, occasional and limited to a few weeks or months of each year.

In *Knight v. Denman*, 64 Neb. 814, 819, 90 N.W. 863, 865 (1902):

> "Every disseisin is a trespass. But every trespass is not a disseisin. A wrongful intention to oust the real owner must clearly appear in order to raise an act, which may be only a trespass, to the bad eminence of a disseisin." 4 Kent, Commentaries (12th ed.), 535. There must be adverse possession, and, where the acts relied on by the claimant are equally consistent with mere trespasses, it is obvious that adverse possession has not been shown. Where there is color of title or a claim of right, pasturing cattle upon the land in season, when the only use to which the land is well adapted, is undoubtedly sufficient possession. But where there is a claim of right, except as it may be inferred from such occasional use of the land, it is obvious that such use may co-exist with an intention of a different nature from that of asserting ownership. *Murray v. Romine,* 60 Nebr., 94, 97 [82 N.W. 318 (1902)].

There is no evidence that the hunting-related activity was such as would give notice to anyone that title to real estate was being claimed by adverse possession. The record does not reflect that any of the hunters, either Hardt or those hunting with Hardt's permission, performed acts or displayed conduct upon which anyone could reasonably infer that Hardts were claiming

ownership of Blackacre. Generally, seasonal and recreational use and, therefore, occasional use, even if occurring annually, cannot ripen into title for the real estate on which such recreation takes place. See *W. T. Carter & Brother v. Ruth*, 275 S.W.2d 126 (Tex. Civ. App. 1955). In the present case the disputed tract was susceptible of multiple uses, but pasture for cattle and livestock operations was the predominant use. Hardts' intermittent use was not inconsistent with and did not exclude the predominant and most suitable use of the disputed tract and cannot be the foundation for ownership by adverse possession. Under the circumstances seasonal and recreational use does not supply the continuous possession for the required 10-year period. Further, Hardts have failed to prove that such hunting activity was notorious or so conspicuous as would be known by the public at large and construed as a claim of ownership by adverse possession. Hardts have failed to prove continuous and notorious possession of Blackacre for a period of 10 years.

Hardts have failed to present a preponderance of evidence demonstrating a continuous use of the disputed tract for a period of 10 years. The judgment of the district court in favor of Hardts on the question of adverse possession is reversed and set aside. Because Hardts have failed to prove the elements of adverse possession, Hardts' suit must be dismissed.

Hardts, in their cross-appeal, claim they should have been permitted to amend their petition to inject an issue of Eskams' mutual acquiescence in a boundary line. Reception of evidence in this case was concluded and the case submitted on November 10, 1982. Hardts' motion to amend their petition was filed on December 1, 1982. We are unable to find any reference in the record to the trial court's denying the amendment requested by Hardts. Assuming counsel's statements to this court are correct, that the district court did deny Hardts' request for amendment of the pleadings, under the circumstances the matter of an amendment of pleadings is addressed to the sound discretion of the trial court. See *State Securities Co. v. Corkle*, 191 Neb. 578, 216 N.W.2d 879 (1974). We find no abuse of discretion.

Hardts claimed damages as a result of Eskams' trespass on Blackacre, namely, deprivation of use of Blackacre and destruction of a fence located on Blackacre. The trial court awarded

Hardts $750 as damages for the fence and refused to award any other damages to Hardts. Because any recovery on the theories advanced by Hardts necessarily depends on title to Blackacre, which we have held Hardts do not have, Hardts are not entitled to any damages alleged to have been sustained as a result of trespass by Eskams. The judgment of the district court awarding damages to Hardts is reversed and set aside.

Eskams claim additional error on the part of the trial court, failure to read the deposition of a witness for Eskams. In view of the disposition we make in this appeal, it is unnecessary to decide that question.

For the reasons given, the judgment of the district court is reversed and set aside. We remand these proceedings to the district court with directions that the proceedings shall be dismissed.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

BOSLAUGH, J., concurs in the result.