DONALD M. DUGAN, APPELLEE, CROSS-APPELLANT, AND CROSS-APPELLEE, V. DONALD D. JENSEN AND PATRICIA K. JENSEN, APPELLANTS AND CROSS-APPELLEES, AND SMITH CONSTRUCTION, INC., APPELLEE, CROSS-APPELLANT, AND CROSS-APPELLEE.

510 N.W.2d 313

Filed January 21, 1994.   No. S-91-917.

Patrick A. Brock, of Cunningham, Blackburn, Francis, Brock & Cunningham, for appellants.

John A. Wolf, of Shamberg & Wolf, for appellee Dugan.

Roger G. Steele, of Luebs, Beltzer, Leininger, Smith & Busick, for appellee Smith Construction.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and RONIN, D.J., Retired.

WHITE, J.

Donald D. and Patricia K. Jensen appeal from a partial

summary judgment on the issues of ownership of real property and trespass and from a jury award of $5,000 in damages. Appellee Donald M. Dugan cross-appeals from the district court's ruling that treble damages were not recoverable. Appellee Smith Construction, Inc., also filed a cross-appeal and contends that the jury instruction on the measure of damages was an incorrect statement of the law. We reverse the partial summary judgment and remand the cause for further proceedings.

The property in dispute is a right-of-way situated across the southeast quarter of Section 36, Township 18 North, Range 11 West of the 6th P.M., in Greeley County, Nebraska (southeast quarter). Dugan contends that he owns the right-of-way and that the Jensens and Smith Construction trespassed on that property. The Jensens maintain that they are the rightful owners of the right-of-way and therefore did not trespass on Dugan's property.

Dugan's claim to the right-of-way arises from a quitclaim deed conveyed to him by the Burlington Northern Landowners Association-East (Landowners Association) on September 30, 1987. This deed was recorded on August 23, 1988. The Landowners Association allegedly acquired the right-of-way by quitclaim deed executed by the Burlington Northern Railroad (railroad) on April 1, 1987. This deed was recorded on August 7, 1987. There is no evidence in the record that the railroad ever acquired title by deed to the right-of-way. The record indicates, however, that the railroad had used this right-of-way since at least 1940.

The Jensens contend that they acquired title to the right-of-way because they purchased the entire southeast quarter, over which the right-of-way passes. On January 17, 1989, the Jensens acquired the southeast quarter from John Hancock Mutual Life Insurance Company (John Hancock) by special warranty deed. John Hancock acquired the southeast quarter from Raymond Dugan, father of appellee Donald Dugan, by warranty deed in October 1985.

The record indicates that the Jensens knew Donald Dugan claimed ownership of the right-of-way when they purchased the property from John Hancock. Wanting to level out the

right-of-way, the Jensens consulted with two attorneys regarding the validity of their title. After assurances that they owned the land, including the right-of-way, the Jensens hired Smith Construction to level it out for $652. The leveling included the removal of trees and shrubbery and prevented Dugan from using the right-of-way as he had intended.

In July 1990, Dugan filed suit against the Jensens and contended that he owned the right-of-way and that the Jensens, through their agent, Smith Construction, had trespassed on that right-of-way. Smith Construction filed a petition for indemnification against the Jensens for any liability arising out of its work.

The district court granted Dugan's motion for partial summary judgment and found that Dugan owned the right-of-way and that the Jensens had trespassed on that property. The court stated that the railroad had acquired title by adverse possession because the railroad had occupied the right-of-way "continuously, openly, and notoriously for more than 50 years."

The issue of damages was tried to a jury, and the Jensens were found liable for $5,000. The court further ordered that Smith Construction be indemnified by the Jensens. The Jensens appeal from both the summary judgment and the jury's award of damages. Appellee Smith Construction filed a cross-appeal from the jury's verdict. Appellee Dugan cross-appeals from the district court's decision that treble damages were not recoverable. The analysis that follows focuses on the partial summary judgment, and because our decision disposes of the appeal, we will not address the additional assignments of error raised by the parties.

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *VonSeggern v. Willman, ante* p. 565, 508 N.W.2d 261 (1993). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that

the moving party is entitled to judgment as a matter of law. *Id.*; *Gould v. Orr, ante* p. 163, 506 N.W.2d 349 (1993).

To bring an action in trespass, the complaining party must have had title or legal possession of the land when the acts complained of were committed. *Flobert Industries v. Stuhr*, 216 Neb. 389, 343 N.W.2d 917 (1984); *Franz v. Nelson*, 183 Neb. 137, 158 N.W.2d 606 (1968). See *Hardt v. Eskam*, 218 Neb. 81, 352 N.W.2d 583 (1984) (holding that plaintiffs were not entitled to damages for trespass because plaintiffs failed to prove ownership by adverse possession). The party bringing a trespass action has the burden of establishing that he had title or possession of the property before he can proceed with his trespass action. *Franz, supra.* See *Flobert Industries, supra* (addressing ownership issue before considering the trespass action). A party seeking to declare his title must rely on the strength of his own title and not the weakness of the title of others. *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991).

In the present case, the evidence indicates that Dugan received a quitclaim deed to the right-of-way from the Landowners Association on September 30, 1987. The Landowners Association received a quitclaim deed to the right-of-way from the railroad on April 1, 1987. The validity of Dugan's asserted ownership interest in the right-of-way therefore depends on whether his predecessors in interest, namely the railroad, had any interest in the right-of-way that they could have conveyed to Dugan. See, *Gustafson v. Gustafson*, 239 Neb. 448, 476 N.W.2d 819 (1991); *Smith v. Berberich*, 168 Neb. 142, 95 N.W.2d 325 (1959).

In support of his motion for partial summary judgment, Dugan contended that the railroad had acquired the right-of-way by adverse possession. Dugan presented an affidavit made by his father, in which his father states that he had personal knowledge that the railroad had been using the right-of-way since at least 1940. Dugan's father stated that the railroad used the right-of-way openly, exclusively, and continuously until 1987.

The trial court ruled that Dugan owned the right-of-way because the railroad had acquired the property by adverse

possession. Specifically, the court held that the railroad had operated on the right-of-way "continuously, openly, and notoriously for more than 50 years."

A party claiming title through adverse possession must prove by a preponderance of the evidence that the adverse possessor has been in actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for the statutory period of 10 years. *Thornburg v. Haecker*, 243 Neb. 693, 502 N.W.2d 434 (1993); *Nennemann v. Rebuck*, 242 Neb. 604, 496 N.W.2d 467 (1993); *Schaneman, supra; State Nat. Bank & Trust Co. v. Jacobsen*, 218 Neb. 682, 358 N.W.2d 743 (1984). Title cannot be acquired without simultaneous and continuous existence of each element of adverse possession for the required period. *Thornburg, supra.*

Generally, if the occupier's physical actions on the land constitute visible and conspicuous evidence of the possession and use of the land, such acts will be sufficient to establish that the possession was actual and notorious. See *Wiedeman v. James E. Simon Co., Inc.*, 209 Neb. 189, 307 N.W.2d 105 (1981) (stating that the occupier's acts of posting signs, maintaining a boundary fence, and grazing livestock on the disputed tract of land were actual, open, and notorious). The possession must be exclusive, and if the occupier shared the possession with the title owner, the occupier may not obtain title by adverse possession. Roger A. Cunningham et al., The Law of Property § 11.7 (2d ed. 1993). Additionally, the occupier's use must be continuous; in other words, the possession must not be significantly interrupted. *Id.*

The affidavit presented by Dugan, which was uncontradicted, arguably supports a finding that the railroad actually, continuously, exclusively, and notoriously used the right-of-way. The affiant, Dugan's father, stated that he readily observed the railroad's exclusive use of the right-of-way since at least 1940. The fact that he observed such use of the property indicates that the railroad's actions constituted visible evidence of its possession. We therefore focus our analysis on the remaining requirement necessary to prevail on a claim of adverse possession: adverse under a claim of ownership.

To establish "adverse under a claim of ownership," the party

claiming adverse possession must have occupied the property in the same manner as an owner would occupy the property. See, *Hardt v. Eskam*, 218 Neb. 81, 352 N.W.2d 583 (1984); *Knight v. Denman*, 64 Neb. 814, 90 N.W. 863 (1902). The party claiming adverse possession must have occupied the property " 'with the intent and purpose of the occupant to assert his ownership of the property.' " *Berglund v. Sisler*, 210 Neb. 258, 263, 313 N.W.2d 679, 682 (1981) (quoting *Barnes v. Milligan*, 200 Neb. 450, 264 N.W.2d 186 (1978)). Ordinarily, intent may be determined by examining the acts of the occupier and the nature of his possession; however, intent of the occupier is an essential requirement which must be established. *Barnes, supra* (stating that intent is always an element).

After a review of the record, we find no evidence which demonstrates that the use of the right-of-way by the railroad was adverse under a claim of ownership. The only evidence regarding the railroad's possession was presented in an affidavit made by Dugan's father. In that affidavit, Dugan's father states that he has personal knowledge that the railroad openly, exclusively, and continuously used the right-of-way from at least 1940 to 1987. This does not satisfy Dugan's burden to establish that the railroad's use was adverse under a claim of ownership.

Although intent may be inferred in some cases, these observations of a third party who is neither the occupier nor the title owner do not clearly require the inference that the railroad's use was adverse to the title owner. See *Barnes v. Milligan*, 196 Neb. 50, 241 N.W.2d 508 (1976) (stating that the ultimate inferences to be drawn from the facts—whether the use was adverse or permissive—could not be conclusively established). For example, the use may have been with the permission of the title owner. If the railroad's initial use was permissive, the railroad could not have acquired title to the property by adverse possession and, thus, could not have conveyed title to the right-of-way to Dugan.

Dugan has not established that the railroad acquired the right-of-way by adverse possession because he has failed to present evidence of an essential element of the action. Therefore, Dugan was not entitled to judgment as a matter of

law, and summary judgment on the issue of ownership was improper. We reverse the jury's verdict on the issues of proximate cause and damages and remand the cause for further proceedings not inconsistent with this decision.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.