ANGELA FAITH LARSON, APPELLEE, V. LEONARD VYSKOCIL, APPELLANT.

515 N.W.2d 660

Filed May 13, 1994.   No. S-92-1108.

Kelle J. Westland, of Raynor, Rensch & Pfeiffer, for appellant.

Eugene L. Hillman, of McCormack, Cooney, Mooney, Hillman & Elder, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WRIGHT, J.

Angela Faith Larson filed an action in the Douglas County District Court seeking to compel her father, Leonard Vyskocil, to transfer to a trust all of his right, title, and interest in and to the Imperial Mall Limited Partnership, or its equivalent in cash. Larson alleged that the transfer was required by the terms of a property settlement agreement approved in the decree of dissolution between Vyskocil and Larson's mother. Vyskocil demurred and affirmatively alleged that Larson had failed to

join all necessary parties to the action. Larson's motion for summary judgment was sustained, and the court ordered Vyskocil to deposit with FirsTier Bank Trust Department, as trustee, the sum of $147,521 to be held in trust in accordance with the trust agreement dated August 29, 1984. Vyskocil appeals.

## SCOPE OF REVIEW

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Hawkins Constr. Co. v. Reiman Corp., ante* p. 131, 511 N.W.2d 113 (1994); *Dugan v. Jensen*, 244 Neb. 937, 510 N.W.2d 313 (1994). After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Healy v. Langdon, ante* p. 1, 511 N.W.2d 498 (1994).

## ASSIGNMENTS OF ERROR

Vyskocil assigns as error the court's entry of the summary judgment and its failure to find that Alexander Vyskocil was an indispensable party to the action.

## FACTS

The decree of dissolution between Vyskocil and Larson's mother included a property settlement agreement which required them to transfer their interest in the Imperial Mall Limited Partnership to the Omaha National Bank as trustee. The interest was to be held in trust under the trust agreement executed by the parties and attached to the property settlement agreement.

The trust agreement provided that Vyskocil would receive the entire net income from the trust, payable in annual installments, during his lifetime and that upon his death the trust would terminate and the principal together with any accumulations thereon would be paid to Larson and Alexander

in equal shares.

After the decree of dissolution was entered, Vyskocil provided officers of the Omaha National Bank with a copy of the trust agreement. No other documents were requested by the trustee, and Vyskocil believed he had done everything necessary to establish the trust. Vyskocil and his former wife's initial investment in the Imperial Mall Limited Partnership totaled $48,500. Vyskocil said that the partnership interest was just a tax shelter; that he received no income from the partnership for 1984 through 1987; and that there was some income in 1988, but it was covered by depreciation.

In 1989, the limited partnership was sold. Vyskocil did not participate in the decision to sell and did not have the right to do so. After the sale, Vyskocil received a check for $220,182.38, which he believed may have included regular income generated from his interest in the partnership for the tax year 1989. His 1989 federal income tax return reported $181,945.28 under sales and exchanges and $38,237.10 under ordinary gains and losses. A portion of the proceeds from the sale was used to pay taxes, legal fees, and debts. Vyskocil testified that he was not sure of the precise amount of tax liability generated from the sale. The affidavit of a certified public accountant received at the summary judgment hearing stated that the estimated aftertax proceeds on the sale of Vyskocil's interest in the limited partnership totaled $147,521.

From the proceeds, Vyskocil used $48,500 to buy stocks and tax-free bonds to satisfy what he claimed was his obligation to the trust. These stocks and bonds were later sold, and the money was used to purchase a video store. Vyskocil stated he was willing to transfer the stock in the video store to the trustee.

Vyskocil's son, Alexander, was not named as a party to the action, and Vyskocil alleged that Larson had failed to join all necessary parties. On November 6, 1992, the district court for Douglas County sustained Larson's motion for summary judgment, and on November 18, the court ordered Vyskocil to pay to FirsTier Bank as trustee the sum of $147,521.

## ANALYSIS

### TRUST AGREEMENT

Vyskocil stated that under his interpretation of the trust

agreement, he was required to transfer only $48,500, which was the initial investment in the limited partnership. However, neither the property settlement agreement nor the trust agreement mentions such a figure. Vyskocil admitted that he did not deposit any sum with the trustee. He claims to have invested $48,500 in a video store, but he admitted that he did not consult the trustee regarding any of the transactions. The stock in the video store was placed in the names of his current spouse and his son, Alexander, and all proceeds from the sale of the partnership interest other than the stock in the video store went for Vyskocil's personal uses.

What Vyskocil claims he understood about the partnership interest and what he claims the property settlement agreement required him to do are not material to our decision in this case. A written contract expressed in unambiguous terms is not subject to interpretation or construction, and the intention of the parties to such contract must be determined from its contents. *Properties Inv. Group v. Applied Communications*, 242 Neb. 464, 495 N.W.2d 483 (1993); *Husen v. Husen*, 241 Neb. 10, 487 N.W.2d 269 (1992). The trust agreement requires Vyskocil to transfer the interest in the partnership to the trustee.

The trust agreement made August 29, 1984, provides in part:

The Grantors, desiring to establish an irrevocable trust, do hereby transfer and assign to the Trustee all of their right, title and interest in and to IMPERIAL MALL LIMITED PARTNERSHIP, a limited partnership organized and existing under the laws of the State of Nebraska, and to all additions to, substitutions for, increases of and non-income proceeds from said limited partnership. Grantors hereby relinquish all interest in said limited partnership and will, at the request of the Trustee, execute all other instruments reasonably required to effectuate this transfer. All property now or hereafter subject to this trust shall constitute the trust estate and shall be held, managed and distributed as provided herein.

The Trustee shall hold, manage, invest, and reinvest the trust property, subject to the provisions of this trust, and shall pay, apply and distribute the income and principal in the following manner:

(a) The entire net income shall be payable in annual

installments to LEONARD G. VYSKOCIL during his lifetime.

(b) Upon the death of LEONARD G. VYSKOCIL this trust shall terminate and the principal, together with any accumulations thereon, shall be paid out and distributed to ANGELA FAITH VYSKOCIL and ALEXANDER VYSKOCIL, the children of the Grantors, in equal shares. Said beneficiaries shall be entitled to receive copies of all Trustee's reports provided to Leonard G. Vyskocil.

The following facts are undisputed: In 1982 or 1983, Vyskocil and his former wife invested $48,500 and acquired a 4- or 5-percent interest in the Imperial Mall Limited Partnership, which owned a shopping center. Vyskocil received no income from the partnership for the tax years 1984 through 1987 and realized some profit during 1988, but he did not receive any income because his share was "eaten up" by depreciation. The sale of the partnership was completed in May 1989. Vyskocil's 1989 tax return showed that $220,182.38 was received from the sale of the partnership interest in trust. Of that amount, $181,945.28 was classified as the sale or exchange of property used in a trade or business, and $38,237.10 was reported as an ordinary gain from the sale of business property. A certified public accountant's report showed that the aftertax value of Vyskocil's interest in the proceeds of the sale was $147,521. Upon execution of the agreement, Vyskocil's interest in the partnership became the trust estate, which was to be managed and distributed according to the terms of the trust. Vyskocil failed to transfer this interest to the trustee, and suit was instituted by one of the contingent beneficiaries to compel him to comply with the trust agreement.

Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn therefrom and that the moving party is entitled to judgment as a matter of law. *Hawkins Constr. Co. v. Reiman Corp.*, ante p. 131, 511 N.W.2d 113 (1994). We must determine what part of the $220,182.38 from the sale of the partnership is income and what part is principal. During the term of the trust, the entire

net income is payable in annual installments to Vyskocil during his lifetime, and upon his death, "the principal, together with any accumulations thereon," is to be paid to the contingent beneficiaries.

Our determination is aided by Neb. Rev. Stat. § 30-3101 (Reissue 1989):

Unless otherwise stated, sections 30-3101 to 30-3115 govern the ascertainment of income and principal and the apportionment of receipts and expenditures in trusts and decedents' estates, to the extent not inconsistent with the provisions of a creating instrument. A person making an outright gift or establishing a trust may make provision in the creating instrument for the manner of ascertainment of income and principal and the apportionment of receipts and expenditures or grant discretion to the personal representative or trustee to do so and the provision, where not otherwise contrary to law, controls notwithstanding sections 30-3101 to 30-3115.

The trust does not contain any provisions which are inconsistent with Neb. Rev. Stat. §§ 30-3101 to 30-3115 (Reissue 1989), and to the extent the statutory provisions are not inconsistent with the provisions of the trust, they govern the ascertainment of income and principal of the trust. See § 30-3102(1).

Income is defined as the return in money or other property derived from the use of principal, including, but not limited to, return received as rent, interest, income earned, corporation distributions, accrued increment on bonds, receipts from a business, receipts from disposition of natural resources, receipts from other principal subject to depletion, or proceeds of insurance. § 30-3103(1). Principal is defined as "property other than income, including, but not limited to . . . [c]onsideration received by the trustee on the sale or other transfer of principal . . . ." § 30-3103(2)(a).

Section 30-3109(2)(b) provides that except to the extent the limited partnership indicates that some part of a distribution is not a return of capital, a distribution from a limited partnership is principal to the extent of the distribution. The distribution was made pursuant to a liquidation of all the trust's interest in

the limited partnership. The $147,521 was principal which belonged to the trust.

After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Healy v. Langdon, ante* p. 1, 511 N.W.2d 498 (1994). Vyskocil has not presented any facts which show that the $147,521 was not principal belonging to the trust.

## NECESSARY PARTY

One of the contingent beneficiaries, Alexander Vyskocil, was not made a party to this action. The record indicates that Alexander was a minor at the time the action was commenced. Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy, but also have an interest of such a nature that a final decree cannot be made without affecting their interests. *Helter v. Williamson*, 239 Neb. 741, 478 N.W.2d 6 (1991); *Koch v. Koch*, 226 Neb. 305, 411 N.W.2d 319 (1987). Vyskocil testified he would transfer to the trust the video store stock which was held in the names of his current spouse and Alexander. The evidence indicates the stock was purchased with trust assets.

Vyskocil cannot represent his minor son, Alexander, because of a conflict of interest. Vyskocil has disposed of the assets of the trust, and Alexander's interest in the trust conflicts with Vyskocil's interest. In *Koch*, we held that the minor children, as beneficiaries to the trust, were necessary parties to the disposition of their interest in the real estate and that the father could not represent them because there appeared to be a clear conflict of interest. Neb. Rev. Stat. § 30-2222(2)(ii) (Reissue 1989) provides in part: "If there is no conflict of interest and no conservator or guardian has been appointed, a parent may represent his minor child."

*Workman v. Workman*, 167 Neb. 857, 95 N.W.2d 186 (1959), was an action by the wife and adult daughter against the wife's husband, his parents, and others for an alleged conspiracy to appropriate property which had allegedly been transferred to a trust for the benefit of the children of the wife and her husband.

The mother of the minor children had filed an application to make the minor children plaintiffs. That issue was not decided in the trial court because the case was disposed of by summary judgment while the application was pending. We stated: " 'If such proceedings are instituted and it appears to the court that the infant is unrepresented by anyone fully charged with the power and duty of protecting his interests, it is the duty of the court to appoint a guardian ad litem for the minor.' " *Id*. at 868-69, 95 N.W.2d at 193.

In *Workman*, the beneficiaries of the trust made by the Workmans were their children, three of whom were minors. We held that the minors were necessary parties to the litigation as a condition of a full and final determination of the controversy alleged in the case. We made this determination in spite of the fact that the rights of the adult daughter and the subject matter of the litigation were identical with the rights of the minors, and the adult daughter had filed a pleading in the case.

In *Jones v. Hudson*, 93 Neb. 561, 141 N.W. 141 (1913), we stated that a court of equity, if cognizant of the necessary facts, should on its own motion protect the rights of minors when involved in litigation to which they are not parties. In the present case, we find that in order to have a complete determination of the controversy, Alexander should be made a party to this action.

The decision of the district court is affirmed insofar as it affects the interest of Leonard Vyskocil, and the cause is remanded for further proceedings as to the interest of Alexander Vyskocil. If Alexander is still a minor, we direct the district court to appoint a disinterested guardian ad litem to represent his interest in this action.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR FURTHER PROCEEDINGS.