CLARENCE LINCH ET AL., APPELLEES, V. MILDRED NICHELSON, APPELLANT.

134 N. W. 2d 796

Filed April 30, 1965. No. 35847.

William L. Walker and Earl Ludlam, for appellant.

Howard D. Kanouff, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is a suit to establish the boundary line between plaintiffs' lands in Section 23, and defendant's lands in Section 14, both in Township 13 North, Range 5 East, in Saunders County, Nebraska. Defendant by answer and cross-petition asserts an easement by prescription on plaintiffs' lands from the highway west of her buildings to the lane entering her farmstead, and alleges further that she has acquired a prescriptive right to the lands east of her enclosed farmstead to plaintiffs' fence line along the north side of their property. The trial court sustained defendant's assertion of an easement and fixed the location and extent thereof by metes and bounds. The plaintiffs did not cross-appeal from this portion of the judgment and there is no issue here as to the easement. The trial court found the boundary line of plaintiffs' and defendant's lands east from the east line of defendant's enclosed farmstead to be the section line between Sections 23 and 14. Defendant has appealed from this portion of the judgment.

The section line here involved has never been opened as a public road. The plaintiffs appear to have constructed their fence along the line where it would have been built if the road had been constructed on the section line. The defendant built no fence east of the farmstead on the south line of her property, the farmstead being located at the southwest corner of the southeast quarter of the southwest quarter of Section 14. Defendant now contends that the parties over the years, and for more than the statutory period of limitations, have treated plaintiffs' north fence as the common boundary and that she now owns to plaintiffs' north fence by prescription.

There is evidence that a trail road existed north of the fence to the east which was used infrequently by rail-

road employees, material haulers, and others. The road was never graded up or maintained. No contention is made that the public or any person had acquired any rights to this area as a road. The evidence also shows that a ditch ran eastward north of plaintiffs' north fence line. The fence was located from 27 to 29 feet south of the section line as shown by the surveyor's location map designated as Exhibit 1. The topographic map, Exhibit 2, shows that the south bank of the ditch was from 6 to 7 feet north of plaintiffs' fence. The ditch is shown to be from 12 to 14 feet in width. The evidence shows that defendant's lands were farmed to within about 14 feet of the north bank of the ditch. The evidence does not show that defendant, her predecessors in title, or her tenants, farmed south of the section line between Sections 14 and 23. It is urged, however, that the north fence line was mutually understood to be the boundary line, in that plaintiffs never used or farmed any land north of their north fence. We point out that what the plaintiffs did can be of no aid to the defendant. The defendant must recover on the strength of her own title. This principle is pointed up in Elsasser v. Szymanski, 163 Neb. 65, 77 N. W. 2d 815, wherein this court said: "We do not think an owner of property recognizes and acquiesces in the ownership by his neighbor of any part of his property merely because, in constructing a sidewalk near the edge of his property, he does not extend it to his property line. An owner of real property can put a sidewalk on his land wherever he pleases and by so doing does not thereby recognize a relinquishment to his ownership of any part of the property outside thereof."

In the instant case plaintiffs constructed their north fence on the line where it would have been if the section-line road had been legally opened. This is not evidence that plaintiffs relinquished their rights to any land north of the fence that would lend support to defendant's claim of ownership by adverse possession.

There is no evidence in this record that defendant ever claimed ownership to plaintiffs' north fence line. There is no evidence that it was occupied or used by the defendant, particularly the ditch and the land between the ditch and plaintiffs' fence line. There is some fragmentary evidence that defendant's predecessors and tenants may have encroached upon lands south of the section line in turning farming machinery at the end of crop rows. But there is no evidence to sustain a finding that there was an open, continuous, and actual exclusive possession with the intention to hold it as the owner. In the instant case the defendant neither farmed the land to the fence line, enclosed it, nor exclusively possessed it under a claim of ownership.

The record shows that the trial court inspected the area before determining the issues in the case. There is evidentiary support for the findings of the trial court. The effect of the trial court's inspection of the physical facts and the irreconcilable conflicts in the evidence is discussed in Linch v. Nichelson, *post* p. 682, 134 N. W. 2d 793, a companion case released herewith, and will not be repeated here.

The judgment of the trial court is sustained by the evidence and it is affirmed.

AFFIRMED.