KEITH MESSERSMITH ET AL., APPELLEES, V. LOUIS J. KLEIN ET AL., APPELLANTS.

203 N. W. 2d 443

Filed January 12, 1973. No. 38491.

Padley & Dudden, for appellants.

Bernard B. Smith and Byron W. Fallesen for Smith Bros., for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action under section 34-301, R. R. S. 1943, to determine and establish the boundaries between lands owned by plaintiffs and defendants. The trial court fixed the boundary lines and the defendants have appealed. We affirm.

Plaintiffs are the owners of 100 acres of agricultural land located in Frontier County, Nebraska, acquired in 1963. The defendants' land adjoins plaintiffs on the west, and also on the north, all in the same section. The defendants acquired the westerly portion in 1960,

and the land to the north in 1961. A county road runs north and south along the east side of the property.

Along the west line of plaintiffs' land there were certain posts and visible monuments and the trial court also determined that there was a ridge of dirt at all times from 1945 to 1956 which marked the boundary. This boundary is not involved in this appeal.

Along the north boundary of plaintiffs' land there were no fences, monuments, nor markers. The defendants used the boundary area to move farm machinery to the west portion of their land for some years prior to the time they acquired ownership of the property to the north. Permission for this access was obtained from the prior owners of the property immediately north of plaintiffs' land. There was a telephone pole at the northeast corner of plaintiffs' land. Some 3 years before trial, the public road along the east boundary was elevated and a culvert was installed near the northeast corner of plaintiffs' land but south of where it had been before. The telephone pole was moved west and reset. Thereafter, the defendants used the new culvert for access.

The evidence was persuasive that the boundary between the properties on the north side of plaintiffs' land had no fixed locations or markings and varied from time to time depending, in some instances, on which property owner cultivated the land first. The border area was used to some degree as a joint turnrow.

When the dispute here arose, the plaintiffs employed a surveyor to establish and stake the boundaries of the properties. The survey markers were removed by the defendants' sons and a temporary electric fence was installed at a location south of the line of the survey stakes. The district court specifically found that the boundary line on the north side of plaintiffs' land had "wandered around, and that the present electric fence and trail are just arbitrary locations." The plaintiffs brought the action here to establish the boundary at

the survey lines. The defendants pleaded adverse possession and a prescriptive easement.

The district court fixed the west boundary line on the line marked by fixed monuments and that line is no longer involved. The court fixed the north boundary line on the survey line, and granted the defendants the prescriptive right to move farm machinery and vehicles north to their land after crossing the culvert from the road near the northeast corner of the plaintiffs' land.

The defendants contend that they have established adverse possession and a prescriptive easement on the strip of land along the north edge of plaintiffs' property. One foundation fact is clear. The defendants obtained a right to use the disputed strip by specific permission from the owner of the land now owned by the defendants and not from plaintiffs or their predecessors. A prescriptive right to property being used by permission cannot arise until 10 years after it has been brought home to the owner in some plain and unequivocal manner that the person in possession is claiming adversely to him. Walsh v. Walsh, 156 Neb. 867, 58 N. W. 2d 337.

To establish a prescriptive right to an easement, it must have been exercised under a claim of right. A use by express or implied permission or license cannot ripen into an easement by prescription. Scoville v. Fisher, 181 Neb. 496, 149 N. W. 2d 339.

This case turns on the determination of factual issues. Those issues were in some conflict but the trial court resolved that conflict in favor of the plaintiffs on the issues involved in this appeal. On the appeal of an action in equity, when credible evidence on material questions of fact is in conflict, this court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Harre v. White, *ante* p. 404, 203 N. W. 2d 99.

The record fully supports the findings of fact and

the judgment of the district court. The judgment is affirmed.

AFFIRMED.