GEORGE C. BAKER, FLORENCE N. BAKER, RONALD R. CRONKHITE, AND MYRNA G. NEWMAN, APPELLANTS, V. GEORGE J. BUGLEWICZ, DANIEL C. LYNCH, WILLIAM GREEN, RICHARD FELLMAN, MICHAEL ALBERT, CITY OF OMAHA, A MUNICIPAL CORPORATION, AND STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEES, FONTENELLE FOREST ASSOCIATION, A NEBRASKA NONPROFIT CORPORATION, INTERVENOR-APPELLEE.

289 N. W. 2d 519

Filed March 4, 1980. No. 42580.

Russell S. Daub, for appellants.

Donald L. Knowles, Douglas County Attorney, and Jerry W. Katskee, for appellees Buglewicz et al.

Herbert M. Fitle, City Attorney, and Robert J. Hamer, for appellee City of Omaha.

Harvey B. Cooper, for intervenor-appellee Fontenelle.

Heard before KRIVOSHA, C. J., BRODKEY, and WHITE, JJ., and RONIN and GARDEN, District Judges.

RONIN, District Judge.

This is an action for a declaratory judgment and injunctive relief, by which plaintiff abutting landowners challenge the validity of a 1963 dedication of Edith Marie Avenue, a street lying within 3 miles of the city limits of Omaha, Nebraska, and located in Douglas County. The plaintiffs seek to restrain the defendants, Douglas County and the City of Omaha, from treating Edith Marie Avenue as a public street or road.

The Fontenelle Forest Association, an adjacent landowner, was allowed to intervene, and in its petition of intervention requests that the dedication of Edith Marie Avenue be declared valid and that the plaintiffs' action be dismissed. After trial, the District Court found generally for the defendants and intervenor and dismissed plaintiffs' petition. We affirm the judgment of the trial court.

Some factual background is essential to an understanding of the issues. Carl S. Jonas, an author and environmentalist, owned and lived on a large, woody, hilly tract of land overlooking the Missouri River Valley in the northwestern part of Douglas County but within 3 miles of the city limits of Omaha, Nebraska. In the summer of 1963 Jonas and his new wife, Edith Marie Lewis-Jonas, decided to build a new home just north of their residence. The building permit was issued on the express condition that the building site would front a dedicated street or alley. In 1960 the owners of two tracts of land lying to the south had granted Jonas and others an easement 16½ feet wide for ingress and egress to a county road. This was a narrow, steep, gravel road coming to a dead end some distance north of the Jonas tract. Jonas consulted his attorney, Thomas R. Burke, who advised him to ask the abutting landowners, the Moorings and plaintiffs Baker, if they would dedicate a 20-foot-wide strip of their land over the existing easement so that Jonas

would be able to secure the building permit for his new home. Burke explained to Jonas that this would make the private road a public road, which would end on his property. Thereafter, Jonas met with his neighbors, the Moorings and Bakers, and discussed his problem with them. Attorney Burke thereafter prepared the dedication agreement and, with Jonas, met with the Moorings and the Bakers in their homes. Burke's testimony is that he discussed the requirement that they must sign the dedication document granting their land to the City in order that Jonas might obtain a building permit. The Moorings and Bakers signed the dedication, with Burke taking their acknowledgments that their signatures were their voluntary act and deed. Burke thereafter obtained releases from their mortgage companies. After obtaining the approval of the City Planning Department, the city council accepted and the mayor approved the dedication, which was duly recorded with the Register of Deeds. The newly dedicated street was named Edith Marie Avenue in honor of Jonas' wife.

In 1976 Carl S. Jonas gave 45 acres of his land at the northern end of the road to the Fontenelle Forest Association to preserve the land as a wildlife refuge and to make available a forest preserve for the education of the public, which gift was accepted by the association. On October 1, 1976, Carl S. Jonas died and in his will left his remaining real estate, including his residence, in that section to the Fontenelle Forest Association. The association expended substantial sums in improving the property and in purchasing additional land. The former residence of Jonas was used as a meeting place for the activities provided for in the Jonas will. The public use of Edith Marie Avenue was greatly increased as it was the only access road to the headquarters of this forest preserve. On May 31, 1977, the plaintiffs, Myrna Newman and George and Florence Baker,

sent a notice to the City of Omaha endeavoring to withdraw the dedication which had been filed 14 years previously. On July 19, 1977, the Douglas County board placed Edith Marie Avenue on its county road system and later voted to widen and improve the road. Plaintiffs filed this action on August 1, 1977.

The first issue raised by the plaintiffs is their challenge of the validity and intent of the written instrument of the dedication of Edith Marie Avenue. The plaintiffs Baker and Dr. Mooring, the latter being a predecessor in title of the plaintiff Newman's property, testified that Jonas told them the dedication would only increase the width of the existing easement to 20 feet and that this was necessary so that he could keep his building permit for the construction of his new home. Plaintiffs contend it was their intention not to deed or convey land for the dedication of a street to the city and that they would not have signed the dedication had they known the true character of the instrument.

The dedication document clearly states: "* * * we * * * hereby dedicate to the public for the public use * * * for street purposes to be hereafter known as Avenue Edith Marie, * * *." The testimony of Thomas R. Burke, Jonas' attorney, is that the grantors were told by him, in the presence of Jonas prior to its execution, that they were giving up the fee title to the 20-foot-wide strip of their land to the City of Omaha, and that it was more than the granting of an easement or use of their land. He further testified that he informed the grantor abutting landowners that it was necessary for their mortgage companies to release their mortgages over the proposed dedicated land, as the city would require fee and title. These releases were obtained from the mortgagees of the plaintiffs Baker and predecessors in title of the plaintiff Newman. The attorney for the latter acknowledged receiving a copy of Burke's letter to

his clients' mortgage company requesting the release of their mortgage on the proposed dedicatory strip of land. The evidence is conflicting as to what the plaintiffs and the predecessors in title who were signers of the dedication intended when they signed the dedication, whether all of the said landowners made a mistake as to the nature or effect of the instrument or whether the alleged statements of Jonas made to the landowners constituted constructive fraud as alleged by plaintiffs.

Actions in equity on appeal to this court are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. State v. Jones, 202 Neb. 488, 275 N. W. 2d 851 (1979). A review of the evidence in this case establishes that the trial court was correct in finding that the plaintiffs or their predecessors in title intended to and did make a valid offer of dedication of Edith Marie Avenue for public use.

The next contention of the plaintiffs is that the dedication of Edith Marie Avenue was not properly accepted prior to withdrawal. The record reflects that the City of Omaha acted in reliance on this dedication by the issuance of the building permit and the permitting of the construction of Jonas' new house. Plaintiffs contend that section 23-108, R. R. S. 1943, provided, in 1963, that only the county board had the power to acquire title to lands "by gift, prescription, dedication, the exercise of the right of eminent domain" for road purposes. The defendants do not dispute that Douglas County has the power to create and maintain roads in the county. It was in fact the action of the Douglas County board on July 19, 1977, in placing Edith Marie Avenue on its county road

system and the later action to improve the same because of the increased use of this street by the public that resulted in the plaintiffs filing this lawsuit.

Defendants contend, however, that applicable statutes of Nebraska empower the City of Omaha to accept the dedication of Edith Marie Avenue, which lies within its 3-mile limits. In 1973 section 14-116, R. R. S. 1943, expressly provided in part: "No owner of any real estate located in an area which is within three miles of the corporate limits of any city of the metropolitan class * * * shall be permitted to subdivide, plat or lay out said real estate in building lots and *streets* or other portions of the same *intended to be dedicated for public use* * * * without first having obtained the approval thereof by the city council of such city * * *. Such city shall have authority within the area above described to regulate the subdivision of land for the purpose, whether immediate or future * * *; and to *require the dedication of land for adequate streets,* drainage ways, and easements for sewers and utilities. * * * Subdivision shall mean the division of a lot, tract or parcel of land into two or more lots, blocks or other divisions of land for the purpose, *whether immediate or future,* of ownership or building developments except that the division of land shall not be considered to be subdivision *when the smallest parcel created is more than five acres in size."* (Emphasis supplied.) A review of the plat in evidence shows that both the Newman and Baker properties were divided into two parts by the street dedication. Plaintiff George Baker testified that his son planned to build a home on his tract west of Edith Marie Avenue, which tract is less than 5 acres and comes within the purview of the statute.

It is further noted that section 14-366, R. R. S. 1943, last amended in 1959, provides: "The *power* [of the city] to so *purchase* or *appropriate* private property or public property * * * for *streets,* alleys, *avenues,*

and other construction of like kind may be exercised by the city within the corporate limits of the city or *within three miles thereof.*" (Emphasis supplied.) This section grants to the City of Omaha the power to purchase and acquire by eminent domain property within 3 miles outside its corporate limits. The power to accept property by dedication may be implied in or be incidental to the greater powers of purchase and acquisition by eminent domain.

The foregoing statutes, in existence at the time of the dedication in this case, clearly manifest a legislative intent for the City of Omaha to be given control over land within the 3-mile limit to lay out streets and other tracts, and to accept and acquire on behalf of the public such dispositions of real property. It is noted that there is no conflict with any powers of the county regarding this area within the City's zoning and subdivision jurisdiction. Section 23-373, R. R. S. 1943, in effect in 1963, expressly grants to the county the power over real property with reference to subdivisions and streets "outside the limits of subdivision jurisdiction of any city." We hold the trial court correctly found that the dedication of Edith Marie Avenue for public use was lawfully and legally approved and accepted on December 3, 1963, by the City of Omaha.

The plaintiffs further contend that the notice of withdrawal of their offer of dedication sent by the plaintiffs to the City of Omaha on May 31, 1977, was effective because the City of Omaha and Douglas County had not changed their positions by not having improved or maintained Edith Marie Avenue. Plaintiffs cite Aro Inv. Co. v. City of Omaha, 179 Neb. 569, 139 N. W. 2d 349 (1966), in support of their contention. In Aro, the City of Omaha had accepted the dedication of a plat of an addition which provided for streets. The street in question was never opened nor was it in any way used as a public way for vehicular or other traffic. Our court determined that

even though a dedication of a street is accepted by the city, "until the city manifests some intent to use it or it has been used as a street there is no public use and no rights will accrue in said street as against the city."

In this case, while Edith Marie Avenue was not a through street and was not used much by the general public, the record discloses there was some public use by hunters, visitors, and others. The street was open and used by vehicular traffic which had substantially increased with the establishment of the visitors' center at the former Jonas home by the Fontenelle Forest Association. Prior to the withdrawal notice to the City of Omaha, action was being undertaken by the City of Omaha and Douglas County for the improvement and maintenance of the street. The facts in the case at bar are distinguishable from Aro, which actually supports the defendants' contention that the withdrawal notice was of no effect because the rights of the public had accrued in the use of the street. Considerable expenditures had previously been made by the intervenor in carrying out the provisions of the Jonas bequest in reliance upon the dedication of Edith Marie Avenue.

We agree with the finding of the trial court that the plaintiffs' notice of withdrawal of their dedication, which was sent to the City of Omaha on May 31, 1977, was invalid and of no legal effect for the reason that the rights of the public and the City had accrued by the use of the street by the public. In so holding, it is not necessary to consider whether the plaintiffs failed to comply with the prescribed statutory procedure for vacating a street.

The trial court was correct in its findings and in dismissing the plaintiffs' petition, and its action in doing so is affirmed.

AFFIRMED.