CHARLES G. MARTIN ET AL., APPELLEES, v. JOSEPH A. KOZUSZEK ET AL., APPELLANTS.
345 N.W.2d 26

Filed March 2, 1984. No. 83-697.

706

David L. Kimble of Souchek & Kimble, for appellants.

Kent F. Jacobs of Blevens, Blevens & Jacobs, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Joseph and Sandra Kozuszek, defendants below, appeal from the district court's order quieting title to a strip of land in the plaintiffs, Charles and Bessie Martin, owners of a parcel of land adjacent to that held by the Kozuszeks. The district court found that the Martins and their predecessors had established title to the disputed territory by adverse possession for the required 10-year period, and enjoined the Kozuszeks from preventing the replacement of a fence by the Martins on the boundary between the adjoining parcels. We reverse, remand, and direct dismissal.

On appeal to this court of an order quieting title by adverse possession, we review the record de novo without reference to the factual findings made in the

lower court. In undertaking this review we do give weight to the fact, when the facts are in dispute, that the trial judge had the opportunity to experience the demeanor of the witnesses and had the opportunity to view the premises in dispute. *Horky v. Schriner*, 215 Neb. 498, 340 N.W.2d 1 (1983); *Stricker v. Knaub*, 215 Neb. 372, 338 N.W.2d 757 (1983); *O'Keefe Elevator v. Second Ave. Properties, ante* p. 170, 343 N.W.2d 54 (1984).

The facts in this case are apparently not in dispute. Charles and Bessie Martin, husband and wife, hold title to the west half of Lots 1, 2, 3, 4, and 5 of Block 4, Beaver Crossing, Seward County, Nebraska (west half). They took title pursuant to a warranty deed from Mildred Miller, the daughter of and personal representative of the estate of Anna Albrecht. Albrecht and her husband received their title by a deed executed and recorded in 1949. Joseph and Sandra Kozuszek are the fee holders of the east half of Lots 1, 2, 3, 4, and 5 of Block 4, Beaver Crossing, Seward County, Nebraska (east half). They received their title by a warranty deed executed and recorded in 1976.

In 1949, when the Albrechts moved upon the west half, a fence was in place separating it from the east half. This fence extended the length of the property and was erected by the then owners of the east half. The fence was placed about 3.5 feet inside the west boundary of the east half. In the early 1950s the north 67.5 feet of the fence were removed. The Kozuszeks caused a survey of their land to be made in 1976, and then placed a chain link fence along the north 67.5 feet of their western border. This fence runs along a line parallel to and seven-tenths of a foot inside the boundary.

In 1982 the Martins wished to replace the original fence with a new one. This new fence was to be placed upon the entire length of the original fence line, which was 3.5 feet outside the Martins' eastern boundary and upon the land described in the Kozus-

zeks' deed. The Kozuszeks protested when the fence installers arrived, and this action ensued.

In order to prevail in a suit to quiet title based upon adverse possession, the party claiming such title is required to prove by a preponderance of the evidence that the possession has been actual, continuous, exclusive, notorious, and adverse under a claim of right for at least a 10-year period. *Berglund v. Sisler*, 210 Neb. 258, 313 N.W.2d 679 (1981).

While the Martins have established that at least the southern portion of the fence has been in place since not later than 1949, they have not shown any use of the disputed territory. They offer no testimony, nor does their witness, Mildred Miller, concerning the uses, if any, to which the 3.5-foot strip in question has been put. This lack of proof is fatal to their claim.

In *Linch v. Nichelson*, 178 Neb. 679, 134 N.W.2d 796 (1965), we held that the placement of a fence within one's boundary line does not lead to the relinquishment of ownership of lands outside the fence, without an additional showing that those lands outside the fence have been used by the neighboring landowner under a claim of ownership for the requisite period of time. We reaffirmed that rule in the recent case of *Horky v. Schriner, supra*. While the trial judge viewed the premises involved herein, and may have observed at that time the uses to which the Martins were putting the disputed territory, that momentary view tells us nothing about the 10-year period prior to his tour.

Since the Martins have failed to establish that their use, if any, of the disputed territory was with the requisite elements of adverse possession for the required period of time, their claim must fail. Accordingly, the order quieting title in the Martins and enjoining the Kozuszeks is reversed and the matter remanded to the court below for dismissal.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.