RAY P. STEINFELDT ET AL., APPELLANTS, V. WILLIAM F. KLUSMIRE ET AL., APPELLEES.

359 N.W.2d 81

Filed December 7, 1984.   No. 83-593.

Ernest H. Addison and James P. Miller, for appellants.

John B. Ashford of Dowd, Fahey & Ashford, and James L. Quinlan of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, for appellees.

KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and McCOWN, J., Retired, and BUCKLEY, D.J.

McCOWN, J., Retired.

Plaintiffs, Ray and Jeanne Steinfeldt, commenced this action to quiet title to a strip of land along the boundary between plaintiffs' residence and the residence of defendants, William and Luana Klusmire, and for damages for trespass. Plaintiffs claim title by adverse possession. The district court found for the defendants, quieted and confirmed title in them, and dismissed plaintiffs' action. The location of a boundary line fence is the essential issue on appeal.

In 1927 the father of defendant William Klusmire purchased Lots 7, 8, 9, 10, 11, and 12 in Hoctor Terrace Addition, Sarpy County, Nebraska. In 1937 he sold Lot 11 to Philip and Matilda Kruml. He had Lot 11 surveyed at the time of the sale and built a hog wire fence on Lot 10 on the boundary line between Lots 10 and 11, as determined by the survey. Defendant's father also planted several pine trees on a line just inside the boundary line on Lot 10.

The Krumls built their home on Lot 11 in 1937 and sold Lot 11 to the plaintiffs in 1953.

The defendants acquired Lots 9 and 10 from defendant's father, Frank Klusmire, in 1947. Their home was built on Lot 9.

The lots involved here front on Bellevue Boulevard, which runs in a northwest-southeast direction in that area. The lots are 100 feet wide and 200 feet deep. The front of the lot is to the south, and the back of the lot is to the north and adjoins a park. Plaintiffs' property is east of defendants', and the house faces southwest. An open porch is on the west end of plaintiffs' stone house. On the front of the porch a decorative stone facing extends 3 feet to the west of the porch itself. Concrete steps lead down to the backyard on the north side of the porch, and there are fairly narrow wooden steps on the west side of the porch behind and north of the stone facing wall.

The west end of the decorative facing wall in the front is approximately $1\frac{1}{2}$ feet from the survey boundary line, and the northwest corner of the porch is approximately $4\frac{1}{2}$ feet from the line.

Plaintiff Ray Steinfeldt testified that when he bought the house in 1953, there was a gate between the front corner of the porch and the fence, and there was a distance of 4 or 5 feet between the corner of the porch and the fence. He also testified that his predecessor in title told him he had put in the fence and planted the pine trees, which plaintiff testified were then on plaintiffs' side of the fence. He testified that the fence was at the same location until the defendants installed a chain link fence on the survey boundary line in 1982. After the new fence was installed the gate would not close. The plaintiff also testified that when the defendants erected the 1982 fence, they removed a trellis, tossed it over on his lot, and destroyed bulbs and plants in the west portion of some of plaintiffs' flowerbeds, which he testified caused damages of approximately $23,000.

The defendants' evidence was that the fence was originally built on the survey line and remained in that location until sometime in 1979 or 1980. On two occasions they gave plaintiff permission to take down the fence, drive his tractor onto Lot 10, and remove fallen timber. In 1981 defendants noticed that the fence had been moved to the west a short distance,

commencing a short distance in front of plaintiffs' house and continuing to some distance to the rear of the house. This bulge is the disputed property in this case.

In the summer of 1982 defendants had the boundary line surveyed. The survey confirmed the original survey, and the surveyor observed the bulge in the existing fence. Defendants ordered a chain link fence erected on the boundary line, and the fence builder also observed the bulge in the old fence line. The evidence is undisputed that the front post of the original fence was mounted in concrete and the new chain link fencepost was mounted in the same spot.

Plaintiffs commenced this action in August 1982. The case was tried in April 1983, and the district court found for the defendants and entered judgment accordingly. We affirm.

In an equitable action it is the duty of this court to try the issues of fact de novo on the record and to reach an independent conclusion without reference to the findings of the district court. *Pettis v. Lozier*, 217 Neb. 191, 349 N.W.2d 372 (1984). "The burden is on one who claims title by adverse possession to prove by a preponderance of the evidence that he has been in actual, continuous, exclusive, notorious, and adverse possession under claim of ownership for the statutory period, namely, 10 years." *Hardt v. Eskam, ante* p. 81, 82, 352 N.W.2d 583, 585 (1984).

The claimant of title by adverse possession must show the extent of his possession, the exact property which was the subject of the claim of ownership, that his entry covered the land up to the line of his claim, and that he occupied adversely a definite area sufficiently described to found a verdict upon the description. *Layher v. Dove*, 207 Neb. 736, 301 N.W.2d 90 (1981).

Plaintiffs' evidence failed to establish any specific boundaries of the area or areas claimed to have been occupied and used. Any attempt to describe the area claimed in terms of metes and bounds would rest on speculation and conjecture.

In an equity action, when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of

testifying, and must have accepted one version of the facts rather than the opposite. *Baker v. Buglewicz*, 205 Neb. 656, 289 N.W.2d 519 (1980).

The plaintiffs failed to meet their burden of proof, and the judgment of the district court is affirmed.

AFFIRMED.