ROBERT M. YOUNG ET AL., APPELLANTS AND CROSS-APPELLEES, V. ROBERT A. LACY ET AL., APPELLEES AND CROSS-APPELLANTS.

378 N.W.2d 192

Filed December 20, 1985.   No. 84-705.

Robert M. Young, pro se, and, on brief, Harry R. Meister of Brenner & Meister Law Office, for appellants.

John K. Sorensen of Wright & Sorensen, for appellees.

BOSLAUGH, CAPORALE, and GRANT, JJ., and WOLF, D.J., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This is an appeal in an action to quiet title to a portion of Lot 8, Lakeside Addition, located in Government Lot 4, Section 20, Township 23 North, Range 53 West of the 6th P.M., Scotts Bluff County, Nebraska.

The trial court dismissed the plaintiffs' petition and also dismissed the defendants' cross-petition for injunctive relief.

We review the record de novo without reference to the findings made by the lower court. However, when the evidence

is in conflict, we give weight to the fact that the trial court had the opportunity to observe the demeanor of the witnesses and view the property in dispute. *Martin v. Kozuszek*, 216 Neb. 705, 345 N.W.2d 26 (1984); *Mack v. Luebben*, 215 Neb. 832, 341 N.W.2d 335 (1983).

The plaintiffs, Robert M. Young and Inez L. Young, are the owners of Lots 14, 15, and 16, which lie immediately to the east of that portion of Lot 8 which is in controversy. The defendants are persons who have a record interest in the disputed property.

Lakeside Addition was platted in 1964 by the developers, Leo and Helen Rychecky and George and Arlene Lemley. A number of the lots platted by the developers were designated as "road lots" and were intended to be used as roads by all of the owners and tenants of other lots in the addition. Paragraph 4 of the "Restrictions," filed by the developers at the same time as the plat, provides as follows:

> 4. It is further understood and agreed by all parties to whom these Lots are conveyed, including the grantors hereto, that Lots 8, 13, 17, 21, 12, and 22 are platted to be used as roads by the owners and tenants only of the Lots numbered as 18, 19, 20, 14, 15, 16, 9, 10, 11, 7, 23, 1, 2, 3, 4, 5, and 6 of said Lakeside Addition; and in addition thereto the grantors do not warrant or promise in any way to pay the costs of developing, improving, or the upkeep of any of said private roads. It is further understood that any of the owners or tenants of said described lots in this paragraph have the authority because of said ownership to enforce this restriction as to the members of the general public who may use or attempt to use said private roads.

The restrictions further provide that "all of the foregoing Restrictions shall run with the land and shall be binding upon the innure [sic] to the benefit of all grantees of lots within the subdivision whether immediate or remote . . . ."

Lot 8 is a large, irregularly shaped lot, the west boundary of which is the centerline of a spillway referred to as the north inlet of Lake Minatare. The evidence shows Lot 8 was designed so as to give property owners in the addition direct access to the lake and provide incentive for prospective buyers to purchase property in the addition.

The plaintiff Robert Young purchased Lot 14 in Lakeside Addition from Leo and Helen Rychecky on March 11, 1970. Lot 14 is bounded on the north by Road Lot 17, on the east by Lot 15, on the south by Road Lot 13, and on the west by Lot 8. Lot 14 lies directly east of the center one-third portion of Lot 8 which is designated as "8B" in a survey made for purposes of this litigation. Lot 8B is the only tract in dispute in this litigation. Its boundaries are the north line of Road Lot 17 extended to the west, the centerline of the north inlet of Lake Minatare, the south line of Road Lot 13 extended to the west, and the west line of Road Lots 13 and 17 and the west line of Lot 14.

The surveyor testified that he was instructed as to how to divide Lot 8 and that there was no discernible boundary or noticeable division between any portions of Lot 8.

The deed to Young recited that the property was subject to existing easements, rights-of-way, reservations, and restrictions of record, but the testimony is in conflict as to whether there was any discussion concerning Lot 8 at the time. Young, and later both he and his wife, has resided in a cabin on Lot 14 from 1970 to the present time.

The defendants Robert and Glenda Lacy first purchased property in Lakeside Addition in 1977. In 1982 the Lacys became concerned about the use of the road lots by various tenants in the addition, so they approached the record owner, Raymond Townsend, who did not live in Lakeside Addition. The Lacys thought that the road lots should be owned by someone living in the addition, so they asked Townsend to transfer title to them, which was done. In December of 1982 the Lacys delivered a letter to all property owners in the addition, stating that they were now the record owners of the road lots and advising the property owners of the restrictions which were still applicable to the road lots. All property owners were requested to remove any personal property that had been placed on the road lots.

One who claims title by adverse possession must prove by a preponderance of the evidence that he has been in actual, continuous, *exclusive*, notorious, and adverse possession under a claim of ownership for a full 10-year period. *Steinfeldt v.*

*Klusmire*, 218 Neb. 736, 359 N.W.2d 81 (1984). Furthermore, title cannot be acquired without simultaneous and continuous existence of each element of adverse possession for the required period. *Hardt v. Eskam*, 218 Neb. 81, 352 N.W.2d 583 (1984). It is clear from the record in this case that the plaintiffs failed to meet this burden of proof.

The plaintiffs place much emphasis on their extensive testimony that they used Lot 8B from 1970 until the time of trial for the purposes for which the land was suitable. There is no dispute that Lot 8B was adaptable for limited purposes such as parking or as access to the north inlet of Lake Minatare. The plaintiffs argue that their use of the property for these purposes and as their "front yard" should be sufficient possession to give them title.

The sufficiency of the possession in an adverse possession case depends upon the character of the land and the use that can reasonably be made of it. *Wiedeman v. James E. Simon Co., Inc.*, 209 Neb. 189, 307 N.W.2d 105 (1981). But, under the facts and circumstances in this case, possession and use of the land for the purposes for which it is suitable alone is not sufficient to acquire title by adverse possession as against the other property owners in Lakeside Addition.

There is much testimony in the record from other residents of Lakeside Addition concerning their own unhindered use of Lot 8B during the period of 1970 to 1982 for various purposes including parking and as access to Lake Minatare. Raymond Townsend testified that he used Lot 8, including Lot 8B, repeatedly from 1965 to 1980. Stan Brethour testified that he parked in front of the stairway on 8B probably three or four times a week in 1974 and that this use continued every year up to 1980. In 1976 Brethour asked Young about fishing from Lot 8B and Young replied, "Don't ask me, I don't own it." Robert Datel testified that he used Lot 8B for parking when he went fishing, as did Robert Lacy.

While the law does not require that adverse possession be evidenced by complete enclosure and 24-hour use of the property for the purposes for which it is adapted, there must be an element of exclusivity under a claim of ownership. *Weiss v. Meyer*, 208 Neb. 429, 303 N.W.2d 765 (1981). Title may not be

quieted on the theory of adverse possession in the absence of proof of exclusive possession for a purpose to which the land is adapted for the statutory period. *Oliver v. Thomas*, 173 Neb. 36, 112 N.W.2d 525 (1961); *Cofer v. Kuhlmann*, 214 Neb. 341, 333 N.W.2d 905 (1983). There must be evidence of the intention of the claimant to appropriate and use the property as his own to the exclusion of all others. The record fails to show exclusive possession or use by the plaintiffs.

The record further shows that the plaintiffs' use of Lot 8 was permissive. The use and possession of property with the permission of the owner can never ripen into title by adverse possession without some change in the nature of the possession being brought home to the true owner. *Petsch v. Widger*, 214 Neb. 390, 335 N.W.2d 254 (1983); *Guynan v. Guynan*, 208 Neb. 775, 305 N.W.2d 882 (1981); *McDermott v. Boman*, 165 Neb. 429, 86 N.W.2d 62 (1957). See, also, *Field v. City of Lincoln*, 85 Neb. 781, 124 N.W. 468 (1910).

The plaintiffs, as owners of Lot 14, had the right to use Road Lots 8, 13, 17, 21, 12, and 22, as did all other property holders in Lakeside Addition. This right was granted by the restrictions filed with the plat that were made known to all purchasers of property in the addition. There is no evidence, other than their own testimony, that the Youngs ever expressed any claim of right adverse to their permissive use. Even then, Young testified that he never told any of the owners of property in Lakeside Addition that he owned 8B.

Lot 8 was an unenclosed, weedy area used mainly by the property owners of Lakeside Addition for parking cars while fishing or boating at Lake Minatare. The plaintiffs' use of the property was similar to that of the other property owners in Lakeside Addition. Their use was not exclusive nor adverse to the interests of the defendants or their predecessors in title. The plaintiffs' use of Lot 8B as their "front yard" was with the permission of the title owners, and the plaintiffs did not acquire title by adverse possession.

The defendants' cross-petition or counterclaim sought an injunction preventing the plaintiffs from interfering with the defendants' use of the property in dispute and preventing the plaintiffs from storing personal property upon the land in

dispute. The defendants have cross-appealed from the judgment dismissing their cross-petition.

The defendants' principal complaint involves a quantity of logs which the plaintiffs placed upon the property in 1982. While Young did testify that he would not move the large pile of logs he had placed in the center of Lot 8B, that was before disposition of the suit to quiet title.

Injunctive relief is a discretionary remedy dependent upon the circumstances of the case. *Peters v. Langrehr*, 188 Neb. 480, 197 N.W.2d 698 (1972). Injunction will not lie unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice. *Steffen v. County of Cuming*, 195 Neb. 442, 238 N.W.2d 890 (1976).

We think the record does not contain a sufficient showing that the plaintiffs will continue to violate the restrictions so as to justify a permanent injunction at this time.

The judgment of the district court is affirmed.

AFFIRMED.