JOSEPH R. MCCASLIN AND THERESA M. MCCASLIN, APPELLEES,
v. JOHN E. MEYSENBURG AND JANICE C. MEYSENBURG,
APPELLANTS, DORIAN F. LEE ET AL., APPELLEES.

424 N.W.2d 331

Filed June 10, 1988.   No. 86-380.

Robert J. Becker of Stalnaker, Becker, Buresh & Gleason, P.C., for appellants.

Clayton Byam and Joseph C. Byam of Byam & Byam, for appellees McCaslin.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and CHEUVRONT, D.J.

CHEUVRONT, D.J.

The plaintiffs-appellees, Joseph R. and Theresa M. McCaslin, brought an action to quiet title against the defendants-appellants, John E. and Janice C. Meysenburg, and the defendants Dorian F. and Glenna G. Lee. Following trial, the district court for Douglas County entered a decree on March 31, 1986, quieting title by adverse possession in the McCaslins. From this decree the Meysenburgs have appealed; however, the Lees did not appeal and the judgment of the district court is final as to them.

The property in question is a strip of land approximately 150 feet in length and tapering from a width of 3.3 feet on the west to 2.3 feet on the east. The western 75 feet of that strip is on the north edge of the Meysenburgs' property, and the remaining 75 feet is on the north edge of the Lees' property, all of which abuts a portion of the south line of the real estate owned by the McCaslins. The issue here concerns the effect of a 1959 unrecorded easement agreement between these parties'

predecessors in title.

In 1959, the Meysenburg property was owned by L.I. and Mary E. Reynolds and the McCaslin property was owned by Lee D. and Willa Seemann. On April 28, 1959, the Reynoldses and Seemanns executed an easement agreement whereby the Reynoldses granted the Seemanns what is called a permanent easement over a 2.2-foot-wide strip of land for the "purpose of constructing, maintaining and repairing a galvanized wire fence, six feet in height, braced with steel poles set in concrete foundations . . . ." Such a fence was constructed and remained on the property until partially removed in 1984 by the Meysenburgs. Although this easement provided that it was "a covenant running with the land and shall be binding upon the parties hereto, their heirs, executors, administrators, successors and assigns," it was never placed of record and neither the Meysenburgs nor the McCaslins had any knowledge of it until shortly before trial.

The McCaslins acquired their property from the Seemanns by deed dated May 12, 1959. The Meysenburgs acquired their property from successors of the Reynoldses by a deed dated March 30, 1982.

In 1978, the McCaslins suspected that part of the fence was on the Meysenburg property, which was confirmed by a survey done in 1980. Sometime in 1982, following the purchase of the property by the Meysenburgs, Joseph McCaslin informed John Meysenburg that the fence was not on the lot line. Subsequently, Meysenburg removed the fence, and this action was filed by McCaslin.

Following trial, the district court found that the McCaslins had been in open and adverse possession of the parcel in question for more than 10 years and that the original easement, being not of record, was of no legal consequence.

It is uncontroverted that the original possession of the land in question was permissive. The permissive use of property can never ripen into title by adverse possession unless there is a change in the nature of the possession brought to the attention of the owner or plain and unequivocal notice to the owner that the person in possession is claiming adversely. *Young v. Lacy*, 221 Neb. 511, 378 N.W.2d 192 (1985); *Messersmith v. Klein*,

189 Neb. 471, 203 N.W.2d 443 (1973). In *Walsh v. Walsh*, 156 Neb. 867, 871-72, 58 N.W.2d 337, 340 (1953), we said:

> An interest in real estate may be obtained in the land of another by open, notorious, peaceable, uninterrupted, adverse possession for the statutory period of 10 years. But where it appears that such possession was permissive until a date which excludes any possibility of the running of the statutory period of 10 years, no easement or other interest therein can be obtained by prescription. Such proof destroys any presumption that the possession was adverse for the statutory period.

Here, the use of the strip in question did not change from the time of the original easement; further, the record reflects that the earliest date McCaslin brought his claim of ownership to the attention of the owners of the other property was in 1980. Because the use of the strip of land in question by the McCaslins or their predecessors in title was with the permission of the owners of the said land until 1980, they could not acquire title by adverse possession.

However, as previously noted, the Lees have not appealed from the judgment of the district court and as to them and their title, that issue is not before the court. The judgment is reversed as to the appellants Meysenburgs and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.